## PARKER v. BOWMAN.

Opinion delivered July 15, 1907.

1. EQUITY—RELIEF AGAINST JUDGMENT AT LAW.—The fraud for which a judgment at law will be vacated in equity must consist, not alone in the original cause of action upon which the judgment was based, but in the procurement of the judgment itself.

2. SAME.—Equity will not enjoin a domestic judgment at law based upon a foreign judgment upon the ground that the latter judgment was procured by fraud.

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; reversed.

### STATEMENT BY THE COURT.

On the 16th day of November, 1897, Kate Jenkins obtained a judgment in a justice's court in Boone County, Iowa, against W. F. Bowman in the sum of $165.78 with interest and costs, including attorney's fees. On the 2d of December, 1897, she assigned this judgment to W. H. Crooks, and Crooks on that date filed a transcript thereof in the district court of Boone County, Iowa.

In March, 1898, Crooks filed suit on said judgment against Bowman in the Arkansas County Circuit Court, and on the 21st day of March, 1898, Bowman was served with summons. On the 10th of November, 1898, judgment was rendered by the Arkansas County Circuit Court by default in favor of Crooks against Bowman for the amount of the judgment, with interest and costs. On February 6, 1900, execution was issued upon said judgment, and thereafter began this litigation.

Bowman returned to Iowa about July, 1898, and on the 30th of August, 1898, filed a petition in equity, verified by him on August 28th, in the district court of Boone County, Iowa, against Kate Jenkins and W. H. Crooks, in which he prayed that the original judgment of the justice of the peace in favor of Kate Jenkins be set aside, vacated and adjudged to be null and void, and that the apparent lien created thereby be declared of no effect; and the grounds alleged for such relief were that he had no notice of said suit in the justice's court, and that he did not owe the debt.

Kate Jenkins and Crooks answered, denying lack of service and that he was not indebted to Kate Jenkins. The trial resulted in said justice's judgment being declared void and the apparent lien created by it of no force; and the clerk of the district court was ordered to cancel the judgment. This decree was rendered on the 18th day of November, 1898.

Bowman filed this suit against Crooks and the sheriff and clerk of Arkansas County, the object of it being to restrain the sheriff from proceeding under an execution of the judgment in the Arkansas Circuit Court, and the clerk from issuing any further execution upon it until the hearing of said cause. He prayed also that the judgment rendered in favor of Crooks be held fraudulent and void, and canceled and held for naught. The complaint alleged the history of the transactions as hereinbefore stated. The gist of the ground for equitable relief was as follows:

"The plaintiff alleges that for several months prior to his return to Iowa from Arkansas County he had been dangerously ill, and was confined to his bed on account of his serious illness for a space of about three months. He alleges that after returning to Boone County, Iowa, as soon as he was able to transact business he filed his proper bill of complaint in the district court of the State of Iowa, in said county of Boone, to set aside said judgment for the reasons herein stated, as will be seen from a copy of his complaint filed as a part of the pleadings, and as an exhibit thereto, to which reference is hereby made, the same being marked exhibit 'B'."

And further: "The plaintiff alleges that the said W. H. Crooks, although having personal notice and knowledge of the pendency of said suit against him to set aside said judgment, proceeded in the Arkansas Circuit Court upon said fraudulent and void judgment against this plaintiff, suing out a summons against the plaintiff and procuring the service thereof at a time when the plaintiff was neither physically nor mentally able to transact any business whatever, or to give it that attention which was required, on account of serious and dangerous illness of this plaintiff at the time."

The transcript of the Iowa proceedings showed the facts as hereinbefore stated in regard to the litigation there. The

answer admits the institution of the suit and the judgment therein, but denies that the judgment was void, denies that Crooks knew the Iowa judgment was void when he brought suit in Arkansas, and denies that said Iowa judgment was in fact void when suit·was brought thereon, and alleges that the judgment recovered by Crooks against Bowman was valid when recovered, notwithstanding the Iowa court subsequently held it to be void; and alleges that Bowman was legally served in said suit, and can not now be heard to complain of it.

The case was heard on the amended complaint and its exhibits and the answer. The chancellor enjoined the execution of the judgment, and Crooks and the officers bring the case here.

*John L. Ingram,* for appellants.

1. If the Iowa judgment was fraudulent and void, that was a defense which appellee should have pleaded in the Arkansas Circuit Court. 35 Ark. 109.

2. There is no contention that Crooks fraudulently prevented appellee from making any defense he had. 73 Ark. 440; 75 Ark. 426. And Crooks was under no obligation to disclose to that court the fact that a suit was pending in the Iowa court to set aside the judgment sued upon.

3. Since equity does not relieve against mistakes of law, appellee's amended plea that he was advised that he could not resist recovery in the Arkansas court until he had obtained judgment in the Iowa court setting aside the judgment sued upon stated no ground for equitable relief.

4. Appellee's own pleadings contradict his claim that he was prevented by sickness from making a defense.

*Manning & Emerson,* for appellee.

1. An answer consisting of admissions and general denials raises no issue. 32 Ark. 97; 46 Ark. 132; 50 Ark. 564; Kirby's Digest, § 6098; 73 Ark. 344. Since there was no denial of the allegations of the complaint except that the Iowa judgment was void, and that Crooks knew it was void when he brought suit in Arkansas, all other matters set up in the complaint must be taken as true. Kirby's Digest, § 6137; 46 Ark. 132; 41 Ark. 17; 73 Ark. 349.

2. The fraud and impositions alleged in the complaint being thus admitted, chancery has jurisdiction to relieve against them, though the statute gives an additional remedy. 33 Ark. 161; *Id.* 778; 50 Ark. 458; 56 S. W. 585; 3 Pomeroy's Eq. § 1364.

3. Equity will relieve by injunction where, as in this case, the judgment sued upon is void, and where the defense is pleaded and not denied as in this case, and when the successful party has practiced such frauds as are admitted, and the losing party could not defend on account of sickness. The Arkansas judgment is worth no more as a valid judgment than the Iowa judgment. 1 Beach, Inj. § 633 and note 1; 11 Pac. 888; 50 Ark. 458; 32 Ark. 438; 48 Ark. 555; 110 U. S. 183; 35 Ark. 331.

HILL, C. J., (after stating the facts.) In the case of *James v. Gibson,* 73 Ark. 441, the court said: "The fraud which would vitiate the judgment must have been, not alone in the original cause of action upon which the allowance was obtained, but that practiced in the procurement of the judgment."

The Iowa judgment upon which the Arkansas County judgment rested was declared void by the Iowa court, which had jurisdiction over it, eight days after the Arkansas judgment was rendered. Therefore, it may be taken that the original cause of action was fraudulent in law because without service, and there was a defense to it (although there seems to have been no adjudication that the debt upon which the justice's judgment rested did not exist); yet that alone will not vitiate this judgment unless there was fraud in the procurement of it.

When the suit was brought in March, 1898, in Arkansas County, there had been no attack upon the Iowa judgment then sued upon; and there is nothing to show that Crooks, who purchased it after it had been rendered, had any knowledge of the want of service, which did not appear upon the face of the proceedings. At the time that the Arkansas judgment was rendered upon it, there was pending in the Iowa courts a suit to set it aside as void; but in that case there were issues joined as to all material facts alleged. It was not incumbent upon Crooks to refrain from taking his Arkansas judgment by default because he had litigation with his adversary in Iowa over the validity of the judgment, assuming that he was making his

defense in Iowa in good faith and prosecuting his suit in Arkansas in good faith; and there is nothing in the record to show otherwise.

Therefore, the issue narrows to whether the sickness of Mr. Bowman was sufficient to relieve him from defending the Arkansas suit. As the case was tried upon the undenied allegations of the complaint in this respect, what is therein stated, heretofore quoted, must be accepted as true. Mr. Bowman was ill several months, but it appears that he became able to attend to business in time to have defended the Arkansas suit, for he says that, as soon as he became able to attend to business, he brought the suit in Iowa. This was on the 30th of August, 1898, and he prosecuted it to a successful termination on November 18, 1898. Certainly, therefore, he must have been able to have put in a defense to the Arkansas suit, begun in March, sometime before November 10; and, if he had done so, unquestionably judgment would have been deferred until the Iowa litigation settled the question as to whether the judgment sued upon was valid in the jurisdiction where it was rendered.

It is further alleged in his complaint that he was advised that he could not defeat the Arkansas suit until the judgment had been set aside in Iowa, and this is evidently the reason that he did not attempt to answer the Arkansas suit. This advice was not sound. He should have set up the pending litigation with the parties in Iowa, which would have prevented judgment in Arkansas until the litigation between them in Iowa was determined.

The court erred in holding that equitable ground was shown to set aside the judgment.

Reversed and remanded with directions to dismiss the complaint.