JEANETTE BORENSTEIN, Plaintiff, *v.* DAVID BORENSTEIN, WALTER BORENSTEIN and D. & D. ELECTRIC COMPANY, INC., Defendants.*

Supreme Court, Special Term, New York County, May 4, 1937.

* Affd., 252 App. Div. 725.

*Hollander & Bernheimer* [*Harry T. Zucker* of counsel], for the plaintiff.

*Alfred Mann* [*Julius Wolfson* of counsel], for the defendants.

SHIENTAG, J.   This is an action by the plaintiff, the former wife and judgment creditor of the defendant David Borenstein, against him and others to set aside certain transfers alleged to have been made in fraud of her rights as such creditor.   The plaintiff and the defendant David Borenstein were husband and wife.   They resided in New York from the time of their marriage until the plaintiff left her husband and took up her residence in California. In April, 1933, she commenced an action for divorce in the Superior Court of the State of California, county of Los Angeles.   The defendant husband was personally served in California, appeared by attorney, and answered the complaint.   The action was tried on October 19, 1933, both the plaintiff and defendant being represented by counsel, and on January 15, 1934, findings of fact and conclusions of law were filed.   The court found as facts that the plaintiff had been a *bona fide* resident of the State of California for more than one year immediately preceding the action; that the plaintiff and defendant were husband and wife; that they had separated on March 10, 1930, and that certain specified conduct of the defendant constituted extreme mental and physical cruelty. Among the conclusions of law were: (1) That an interlocutory decree of divorce be granted to plaintiff; (5) that plaintiff be allowed gross alimony from defendant in the sum of $25,000.   An interlocutory judgment of divorce was entered January 16, 1934.

In February, 1934, the plaintiff commenced an action in this court, based upon the California judgment, to recover the amount of alimony and counsel fees awarded in that judgment.   The defendant interposed various denials and also four affirmative defenses.

The first alleged that the defendant had at all times been a resident in New York; that in 1932 plaintiff had deserted the defendant without cause and had gone to Mexico, where she procured a decree of divorce; that the defendant appeared in the Mexican divorce proceeding, and as a result of the decree the marital relationship of the plaintiff and defendant was dissolved and the plaintiff was, therefore, barred from prosecuting the action.

The second defense was that thereafter the plaintiff had fraudulently and without revealing the Mexican decree begun an action in California for divorce; that because of the Mexican decree she was estopped from claiming the existence of a marital status, and that as a result of such estoppel the divorce proceedings in California were void.

The third defense alleged that because of the Mexican decree the California court had no jurisdiction over the subject-matter of the action.

In the fourth defense it was alleged that the plaintiff had not been a resident in California in accordance with the laws of that State.

The plaintiff moved to strike out the affirmative defenses on the ground that they were insufficient in law. This motion was granted, and the defenses were stricken out without leave to plead over. (*Borenstein* v. *Borenstein*, 151 Misc. 160.) The plaintiff then moved for summary judgment, which motion was granted. Appeals were taken to the Appellate Division from the order striking out the defenses and from the order granting summary judgment and the judgment entered thereon. The Appellate Division affirmed the order striking out the affirmative defenses (242 App. Div. 761) and it dismissed, upon the law and not in the exercise of discretion, the appeal from the order granting summary judgment and the judgment entered thereon. The Court of Appeals granted leave to appeal. The appeal was taken from both decisions of the Appellate Division, and the judgment was affirmed (272 N. Y. 407).

The present action was brought by the plaintiff to set aside certain alleged fraudulent transfers of property made by the defendant David Borenstein, so that her judgment may be satisfied from such property. To this action the defendants have interposed four separate defenses, the first three being also alleged by way of counterclaim. The first defense and counterclaim alleged that the plaintiff gave false and perjurious testimony concerning her residence in the California proceedings; that the plaintiff " lured, enticed and inveigled the defendant " into California for the purpose of serving process upon him; that the plaintiff fraudulently made it appear in her action, begun in 1934, on the California judgment that such judgment was final and conclusive, whereas it was alterable and subject to revision in the courts of the State of California.

The second defense and counterclaim sets forth: That at the time she commenced her action in this State on the California judgment, and prior thereto, the plaintiff was " legally married to Harry Fingerete and is still married to the same person;" that by the laws of California the duty of a husband to support terminates upon the remarriage of the wife; that the defendant, although acting with due diligence, was unable to discover such marriage until after this action was commenced, and that the plaintiff fraudulently, falsely and willfully failed to disclose such marriage to the courts of the State of New York.

As a third defense and counterclaim the defendant sets forth the Mexican divorce decree allegedly procured by the plaintiff

(before the commencement of the California divorce action), and alleges further that she fraudulently barred him from presenting and adducing such facts in the California proceedings.

The fourth defense alleges that by virtue of the foregoing the plaintiff was not and is not a creditor of the defendant. Among other relief the defendant seeks to enjoin the plaintiff from proceeding on the judgment which she obtained in the Supreme Court in the county of New York, to have it set aside because of the alleged fraud and conspiracy practiced in procuring it, and to have a judgment rendered declaring the California judgment void and of no force and effect.

The plaintiff moves to dismiss the first three counterclaims on the ground that there is an existing final judgment determining the same cause. She also moved to dismiss all four of the affirmative defenses on the ground that they are insufficient in law.

The first and third defenses and counterclaims raise no issues which could not have been litigated in the previous action against the defendant based on the California judgment. This is apparent on the face of the pleadings as well as from the affidavits submitted on the motion to dismiss the counterclaims. There having been a final adjudication in favor of the plaintiff in the prior action, those issues are *res judicata*, both upon the defendant David Borenstein, who was the defendant in that action, and upon the other defendants herein. They are his privies, being the alleged transferees of the property.

The rule in this State is settled. " A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first." (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 306, per CARDOZO, Ch. J.; *Jasper* v. *Rozinski*, 228 id. 349.) The first and third defenses and counterclaims are, therefore, stricken out.

The second defense and counterclaim is different. There the allegation is that the defendant, although acting with due diligence, was unable to discover that the plaintiff had remarried until after the commencement of this action. It may be assumed that justifiable ignorance of the facts upon which a defense may be based will not bar the interposition of that defense in a later action after the facts have been discovered. On this assumption the second defense and counterclaim is not *res judicata*. The plaintiff, however, has challenged its sufficiency in law.

The judgment rendered in this State in the action on the California judgment was not based upon the defendant's duty to sup-

port his wife, but upon a judgment fixing that duty and embodying it in a decree for a sum certain. Although the California judgment was interlocutory, the defendants cannot assert that ground for contending that it is unenforcible. The prior adjudication conclusively established, so far as the present action is concerned, the validity and enforcibility of the California decree as a final judgment.

The question before us, therefore, is whether a final judgment of this court will be set aside or its enforcement enjoined because it is alleged that grounds exist under the California law for refusing to give effect to the California decree upon which the judgment of this court was based. If the California decree had been vacated because the plaintiff had remarried, the defendants herein might have made out a case for equitable relief against the judgment of this court. (But cf. *Parker* v. *Bowman*, 83 Ark. 508; 104 S. W. 158.)

The California decree is a valid and subsisting one so far as these proceedings are concerned. The defendants have not alleged that the California decree has been vacated or its enforcement stayed; the only allegation is that under the laws of California the duty of a husband to support terminates upon the remarriage of the wife. The inadequacy of this allegation lies in the fact that the husband's duty to support was merged in a money judgment by the California decree. It may be inferred from the defendant's allegations that upon proper proceedings being taken in California the decree of that State could be modified or set aside; the inference is not warranted from the allegations of this defense that the California decree for the payment of alimony in a lump sum is without present force.

The second defense is much weaker than the analogous case of an action on a foreign judgment while an appeal from that judgment is pending in the State where the judgment was rendered. Even in that case, however, the action will lie if execution has not been stayed in the State where the judgment was rendered. (*Matson* v. *Burt*, 9 Hun, 470.) Persuasive authority against the defendant's contentions also exists in the case of *Little* v. *Little* (146 Misc. 231; affd., 236 App. Div. 826). There the defendant husband in an action to reduce the alimony awarded in an Illinois decree to a money judgment in this State moved to modify the amount of alimony awarded. It was held that no authority existed in this court to grant such a motion. The second defense and counterclaim is insufficient in law and is stricken out.

The fourth defense, since it is made expressly to depend upon the sufficiency of the three preceding defenses, cannot stand, and is also stricken out. Settle order.