In the Matter of JOSEPH P. SELLY, as President of the American Communications Association, Petitioner.

THE FRENCH TELEGRAPH CABLE COMPANY, Respondent.

Supreme Court, Special Term, New York County, September 17, 1942.

*Boudin, Cohn & Glickstein*, for the petitioner.

*Krisel & Lessall*, for the respondent.

NULL, J. Arbitration is opposed on the ground that the contract between the parties has been terminated by virtue of an order

made by the Defense Communications Board of the United States which directed the closing of the respondent's stations, offices and facilities. The respondent has not been dissolved and has a legal existence.

The controversy which the petitioner seeks to have arbitrated does not involve the continuance in the respondent's employ of former employees nor the enforcement of any other provision of the contract between the parties which has been rendered lawfully or otherwise impossible of performance by the terms of the order of the Defense Communications Board. The controversy is concerned with the claims of employees to severance pay upon their discharge.

Such a controversy is unrelated to any change in the relationship of the parties which may have been created by virtue of the order of the Defense Communications Board. Clearly any rights which may have accrued to the parties while the contract between them was in operation or which existed independently of the order of the Defense Communications Board, have not been destroyed. If they are enforceable in court, they are enforceable in arbitration.

Whether the respondent has incurred any liability to the petitioner or to the employees who claim to be aggrieved is not to be determined on this application. The issue is not whether the petitioner is right but whether he is entitled to be heard in the forum selected by the parties for the adjudication of their differences.

The contract between the parties, being valid when executed, the right to arbitrate any controversy which occurred during the period of its operation, is not extinguished. Settle order.