Saul S. Streit, J.
This is a motion by Simplex Machine Tool Corporation to stay Swind Machinery Company from proceeding to arbítrate a dispute between Swind and Simplex. The ground of the motion, as expressed in the notice of motion, is the alleged absence of a contract providing for arbitration. It appears from the moving affidavit that the movant’s , predecessor, Stokerunit Corporation, had contracted in writing with Swind that the latter was to be entitled to 50% of the regular commission on machine tools of Stokerunit sold outside Swind’s territory “ whose ultimate destination at time of shipment is within ” Swind’s exclusive territory.
This contract contained a broad arbitration clause, embracing any controversy or claim arising out of or relating to the contract. On March 2, 1953, Triplex Machine Tool Corporation, a dealer whose exclusive territory was in New York, received an. order from U. S. Hoffman Machinery Company, calling for delivery of machines in Pennsylvania, which was Swind’s exclusive territory. This order was placed with Stokerunit Corporation by Triplex. Thereafter, in April, 1953, according to the moving affidavit, Stokerunit was merged into Simplex, as the result of a statutory merger, and Simplex assumed Stokerunit’s rights and liabilities. Simplex filled the order early in 1954 by deliveries to Pennsylvania. Prior to said deliveries, however,, the contract with Swind was cancelled by Simplex. Swind asserted a claim against Simplex for 50% of the regular commission, pursuant to the cancelled contract, and, on Simplex’’ failure to pay it, instituted the arbitration proceedings which. Simplex presently seeks to stay.
The moving affidavit thus establishes (1) that at the time the order was placed there was a contract between Swind and Stokerunit which contained an arbitration provision, and (2) that the contract was assumed by Simplex. The failure of Simplex to credit Swind with 50% of the commission, in. violation of the terms of the contract, thus presents an arbitrable dispute. The fact that the deliveries in fulfillment of the‘ order were not made until after the contract had been cancelled does *87 not have the effect of depriving Swind of its right to arbitration. The contractual provision for arbitration applies to all claims atising under or pursuant to the contract during the time it was in force. (Matter of Commercial Telegrapher’s Union, 123 N. Y. S. 2d 259; Matter of Potoker, 141 N. Y. S. 2d 719; Matter of Lane v. Endicott Johnson Corp., 274 App. Div. 833, 834; Matter of Selly, 178 Misc. 1076, affd. 265 App. Div. 846.)
It further appears that Simplex participated in the selection of the arbitrators and is thus barred, in any event, from raising an issue as to the existence of a contractual provision for arbitration (Civ. Prac. Act, § 1458, subd. 1).
Simplex, in the memorandum submitted by its attorneys, urges that it is entitled to a stay on general equitable principles, and that section 1458 of the Civil Practice Act, which authorizes a stay only if there was no contract to arbitrate or if there was no failure to comply with the arbitration provision, does not preclude it from obtaining a stay on other grounds, citing Wenig v. Bel Geddes (193 Misc. 692). The difficulty with Simplex’ position, however, is (1) that the notice of motion is based solely on the absence of a contract providing for arbitration, and (2) that no equitable grounds for staying Swind from proceeding to arbitration are set forth. The fact that Simplex may have overpaid Triplex constitutes no reason for denying to Swind its contractural right to arbitration, with Simplex, of Swind’s claim to 50% of the regular commission. Swind is in no way concerned with Simplex’ overpayment to Triplex.
For the reasons indicated, the motion for a stay is denied.