Samuel H. Hofstadter, J.
Simultaneously with the commencement of this action to rescind for fraud an agreement, dated June 28, 1956, between the plaintiff (Ehrlich) as general contractor and the corporate defendant, Swiss Construction Corporation, then named United Frame and Floor Corporation (Swiss), for the construction by Swiss of an outdoor drive-in motion picture theatre and also for day-time parking of motor vehicles for the Dover Shopping Center in Dover, New Jersey, Ehrlich moved by order to show cause dated November 20,1959 to stay an arbitration under the agreement theretofore initiated by Swiss, The individual defendants, who together with one Edward S. Klausner, to be mentioned later, were the only stockholders and directors of Swiss, and Swiss have cross-moved (a) to dismiss the complaint pursuant to subdivision 4 of rule 107 of the Rules of Civil Practice, on the ground that the cause of action asserted has already been determined by an existing final judgment and (b) to stay all proceedings for damages for breach of contract, pursuant to section 1451 of the Civil Practice Act, until arbitration has been had in accordance with the contract of June 28, 1956. The motion and cross motion are now before the court for decision.
Ehrlich employed Klausner as its engineer to prepare the plans and specifications for and to supervise the work on the construction undertaken by Swiss. During the course of the work, Swiss dissolved and distributed its assets to its stockholders who assumed its liabilities, and its construction contract with Ehrlich was completed by the corporation in dissolution. On completion of the work during the Summer of 1957, Ehrlich refused to pay the balance claimed by Swiss to be due, charging that the work had been done improperly and that as a result Ehrlich had suffered substantial damage. Thereupon, Swiss in October, 1957 filed a demand for arbitration pursuant to article XXIV of the construction contract, which, so far as here material, declared that6 ‘ where a controversy shall arise under this Contract, it shall be resolved by arbitration * * Ehrlich in November, 1957 moved to stay this proposed arbitration on the ground, as ultimately narrowed, that the dissolution of Swiss and completion of the construction contract with Ehrlich by its stockholders, as the corporation in dissolution, without Ehrlich’s consent, constituted a prohibited assignment in violation of article XI of the contract. After diverse results below, the Court of Appeals on March 6, 1959 rejected this contention and upheld Swiss’ right to arbitrate the controversy (Matter of Milton L. Ehrlich, Inc. [Unit Frame & Floor Corp.], 5 N Y 2d 275). This is the final determination invoked by Swiss *508 as res judicata of the issue tendered by Ehrlich’s complaint in the present action.
The fraud on which Ehrlich founds .its right to rescind the construction contract of June 28, 1956 is the concealment by Swiss and its stockholders, the individual defendants, of Klausner’s connection with Swiss, as the owner of 25% of its voting capital stock and as a director. While the complaint alleges Ehrlich’s lack of knowledge that Klausner was a director and stockholder of Swiss at the time of Klausner’s hiring, or at that of the making of the agreement between Ehrlich and Swiss, and during the course of performance of work by Swiss, neither the complaint nor the affidavits disclose exactly when Ehrlich claims to have learned of Klausner’s association with Swiss. It does appear, however, from the answering affidavit that Ehrlich’s attorney was informed at least on January 17, 1958 that its engineer Klausner was a 25% stockholder of Swiss. It is not shown that Ehrlich had this knowledge earlier than January, 1958. Ehrlich’s moving affidavit does state that it has only been “ recently ” revealed to it that Klausner’s interest in the liquidated assets of Swiss on dissolution is 38%.
Ehrlich’s definite knowledge early in 1958 of Klausner’s relation to Swiss is further borne out by Ehrlich’s complaint, verified in February, 1958, in an action instituted by it in this court to recover heavy damages from Klausner for his faulty design, supervision and general delinquencies in the discharge of his duties on the Dover construction job. In this complaint, Klausner is charged with having been a 25% stockholder and director of Swiss and with having suppressed these facts from Ehrlich.
After the Court of Appeals in March, 1959 sustained the right of Swiss to proceed with the arbitration, Ehrlich participated therein by selecting arbitrators and, in agreement with Swiss, fixing the time for the hearings. On September 23, 1959 its counsel wrote the American Arbitration Association that counsel for both parties were agreeable to fixing the hearing any time after November 9. No hearings have, however, been held, presumably because of the pendency of the present motions.
The first question to be resolved is that posed by Swiss’ assertion that Ehrlich’s right to maintain the present action is foreclosed by the decision of the Court of Appeals already mentioned. In reliance on the rule that a judgment determines not alone the issues actually litigated but those which could have been as well, Swiss insists that the denial of Ehrlich’s prior motion to stay the arbitration necessarily determined the validity and enforcibility of the contract now sought to be rescinded *509 by Ehrlich. Superficially, this contention seems cogent. Yet, it is difficult to see how Ehrlich, when it applied for the stay of the arbitration in November, 1957 could well have asserted a fraud in the inducement of the June 28, 1956 contract of which it then had no knowledge. It is not shown that Ehrlich, when it brought its proceeding for a stay in November, 1957 knew of Klausner’s connection with Swiss. Certainly that issue was not even remotely suggested or considered in the proceeding. The doctrine that the period of limitation does not begin to run against a claim for fraud until discovery of the fraud by its victim furnishes us with a helpful analogy. Neither justice nor policy dictates that res judicata should be pressed to the extreme of barring a litigant from asserting a claim for fraud which, not alone, was not raised or passed upon in the prior proceeding but of whose existence he was ignorant.
When, so far as now disclosed, Ehrlich first learned in January, 1958 that Klausner was a stockholder of Swiss, the record was already complete and Special Term had made its order. It was on the record so made that the Court of Appeals decided the case. It is believed that application of the classic test of res judicata pronounced in Schuylkill Fuel Corp. v. Nieberg Realty Corp. (250 N. Y. 304) to the present situation justifies the conclusion that, on the record now presented, the plaintiff is not concluded by the prior determination. Judicial expression, though not direct authority, tends to support the foregoing view (Borenstein v. Borenstein, 166 Misc. 263, affd. 254 App. Div. 829; Latimer v. Irish-American Bank, 119 Ga. 887, 894; Payne v. Beaumont, 245 S. W. 94 [Tex.]). It seems, moreover, to be established that the rule against splitting causes of action does not bar the assertion in a later action of a claim unknown to the plaintiff when he brought his former action (Gedney v. Gedney, 160 N. Y. 471, 474-475; Saypol v. Wolf, 165 Misc. 517, 518). The cases cited by Swiss are not deemed controlling here.
The denial of the cross motion to dismiss the complaint on the ground of the conclusive effect of the prior determination rests, of course, on Ehrlich’s assumed ignorance of the fraud now alleged when in November, 1957 it applied for a stay of the arbitration. If, in fact, it did then know of this claim and failed to make it, a different conclusion might well be reached. Hence, Swiss is granted leave to assert the defense of res judicata in its answer.
Swiss does not appear to challenge the validity of Ehrlich’s contention that the provision for arbitration “ where a controversy shall arise under this Contract ” does not render arbitrable *510 a demand for rescission on the ground of fraud in the inducement of the contract. In any case, authority supports Ehrlich’s position (Matter of Wrap-Vertiser Corp. [Plotnick], 3 N Y 2d 17).
Though the complaint is not now dismissible under the doctrine of res judicata, Ehrlich is nevertheless not entitled to stay the arbitration. Under section 1458 of the Civil Practice' Act, a party who has participated in the selection of the arbitrators or in any of the proceedings before them may object to the confirmation of an award only on enumerated grounds specified in sections 1462 and 1462-a; it follows that a party who has so participated may not obtain a stay of the arbitration proceeding (Abrams v. Macy Park Constr. Co., 282 App. Div. 922; Matter of A. R. La Mura, Inc. [Rochelle Arms Apts.], 281 App. Div. 683; Matter of Simplex Mach. Tool Corp. [Swind Mach. Co.], 16 Misc 2d 85, 87). True, the hearings here have not yet gone forward; yet, after the Court of Appeals denied its application for a stay, Ehrlich participated in the arbitration to the extent of selecting arbitrators and agreeing on a time for the hearings. In thus charting its course, Ehrlich made no reservation of its now asserted right to rescind the contract for fraud. Whatever its professed ignorance of the fraud in November, 1957, it cannot say that it did not know of it in 1959, when it took the steps it did, for it had itself set out the facts in its complaint of February, 1958 againt Klausner, more than a year before.
Ehrlich, however, urges that the institution of its present action for rescission excludes the operation of section 1458 of the Civil Practice Act and that the case is governed exclusively by section 1469. There is, however, nothing in section 1469 which touches this situation. Section 1469, so far as pertinent, merely declares generally that article 84 of the Civil Practice Act does not affect any right of action in affirmance or disaffirmance of a submission or contract made either as prescribed in the article or otherwise. This is a substantive provision whose obvious purpose is to preserve a right of action which would exist in the absence of article 84. The logic of Ehrlich’s contention would permit a party who had sued to rescind for fraud to gamble on the outcome of the arbitration by participating therein and, when faced with an adverse award, to disavow it by obtaining a stay. A like move was rebuffed in Abrams v. Macy Park Constr. Co. (282 App. Div. 922, supra). Whatever right Ehrlich may have under section 1469 of the Civil Practice Act to obtain a rescission by action does not, in reason, leave it free to participate in the arbitration without suffering the consequences imposed in section 1458. Nothing is said of stays *511 in section 1469 and there is no necessary conflict between the two sections. The stay provisions of this article of the Civil Practice Act should be so construed as to further the legislative intent to hold parties to their agreements to arbitrate (Matter of River Brand Rice Mills [Latrobe Brewing Co.], 305 N. Y. 36, 43).
Moreover, if Ehrlich may obtain a stay independently of the restrictions of section 1458, it must look to the general equitable power of the court to grant the requested stay. In such case, its application, made on the eve of the hearing assented to by it and after it had for months manifested its purpose to join in the arbitration, hardly commends itself to the exercise of discretion in its favor. Accordingly, its motion for a stay is denied.
If Ehrlich is now faced with the need of proceeding with the arbitration while at the same time prosecuting its suit for rescission, its plight is of its own making in participating in the arbitration. In an almost identical situation in Horli Chem. Sales Corp. v. Oliphant (68 N. Y. S. 2d 177,178) the court said: “ The incongruity of prosecuting in arbitration various claims under a contract, the validity of which is under challenge in a court of law, is inescapable. It is attributable, however, to plaintiff’s active assent first to join in arbitration and its subsequent repudiation of that assent by instituting the action to vitiate the contract upon which the arbitration was predicated. Having voluntarily invoked the forums of arbitration and the court, the plaintiff must be deemed to hazard the consequences. ’ ’
The complaint in the present action demands damages against all the defendants for the improper work performed by Swiss. Since the individual defendants were not parties to the construction contract, this demand is seemingly made as an incident to the equitable relief of rescission. If rescission is denied, the plaintiff will recover no damages in this action; if, on the other hand, rescission is granted, the arbitration clause will fall with the contract itself. In neither case, is an arbitrable demand made; hence, there is no need for a stay and that branch of the motion by Swiss is denied.
The contentions by Swiss that this action was not instituted promptly and that Ehrlich has waived the right to rescind by conduct inconsistent therewith are directed to the merits, which, of course, are not before the court on these motions. Settle order.