William C. Hecht, Jr., J.
This is a motion to stay arbitration upon the grounds that there is no contract between the parties in this proceeding, that the claims are barred by the failure to assert the same timely; that parts of the claims are beyond the scope of the contract.
The petitioner, Diesel Construction Company, Inc. (Diesel), by written contract dated March 13, 1959 undertook to build for 70 East 10th St. Corp. (70 East) an apartment building on a plot to be known as 70 East 10th Street, New York City.
The petitioner contends that the respondent Stewart Tenants Corp.’s rights, if any, would be by virtue of an assignment from 70 East.
The objections put forth by petitioner that a right to arbitrate is not assignable and that the assignment was on a condition precedent which Stewart did not meet and hence cannot claim as a valid assignee against Diesel are of no avail, since the petitioner participated in the appointment of arbitrators and thereby concurred that there was a valid contract and an arbitrable dispute to be determined under the arbitration clause of the contract (Matter of National Cash Register Co. [Wilson], 8 N Y 2d 377; Simplex Mach. Tool Corp. v. Swind Mach. Co., 16 Misc 2d 85; Milton L. Ehrlich, Inc., v. Swiss Constr. Corp., 21 Misc 2d 506, affd. 11 A D 2d 644).
The petitioner also ‘contends that the arbitration proceeding was not commenced within the time provided in the contract which required that arbitration of claims must be made within a reasonable time and in any event not later than the date final payment is due to Diesel. Petitioner contends that both of those time periods have elapsed.
Such participation in the selection of arbitrators alone does not affect the petitioner’s right to move for a stay of arbitration in this court on the grounds that the claim sought to be arbitrated is barred by the Statute of Limitations (Civ. Prac. Act, § 1458-a; Matter of Finkelstein [Harris], 33 Misc 2d 929, McGivern, J.). As long as petitioner moved before the hearing of the arbitration, the present application is on time. In the Finkelstein case it was held that (p. 929) “ The statute requires the assertion of the defense of Statute of Limitations at the commencement of the first hearing only if that is earlier. The selec *1092 tion of arbitrators is not the commencement of the first hearing. This is evident from a reading of subdivision 2 of section 1454 of the Civil Practice Act. It provides that1 arbitrators selected as prescribed in this article must appoint a time and place for the hearing of the matters submitted to them ’. A 1 hearing ’ contemplates the right to be present and to put forth one’s contentions by proof and argument (People v. Richetti, 302 N. Y. 290, 297).”
Assuming that Stewart Tenants Corp. (Stewart) instituted arbitration proceedings as of December 15, 1961 was it brought within a reasonable time and not later than the date the final payment is due to Diesel?
Final payment — article 14 of the contract ■ — ■ shall be made as follows: “ not earlier than thirty (30) days after the work has been fully completed and permanent certificate of occupancy has been issued the Contractor shall notify the Architect that the work is ready for final inspection. The Architect shall promptly make final inspection and, when he finds the work acceptable under the contract and the contract fully performed, he shall promptly notify the Owner in writing and shall issue a final certificate over his signature stating that the work provided for in the contract has been completed and that the balance found to be due the Contractor and noted in said final certificate is due and payable. Before issuance of final certificate, the Contractor shall submit evidence satisfactory to the Architect and the Owner that all payrolls, material bills and other indebtedness connected with the work have been paid and that no liens have been filed. Thereupon the Owner shall pay to the Contractor forthwith the balance owing under the contract, including the balance of the fee payable to the Contractor.”
The architect issued such certificate on or about November 16, 1960. At that time the balance owing to Diesel became due forthwith.
Article 15 of the contract covers the guarantee of work for one year after completion. The arbitration proceeding therefore was not brought within one year, which would cover both a reasonable period and the period under the guarantee, nor within the date final payment was due.
The other objections by petitioner are not considered.
Accordingly, the motion to stay arbitration is granted, upon the grounds that it was not brought within the time provided in the contract. The cross motion is denied as to petitioner Diesel and granted as to petitioner 70 East.