William C. Heoht, Jr., J.
This is a motion to stay arbitration upon the grounds that there is no contract between the petitioner and respondent to arbitrate; there is no agreement to arbitrate before the American Arbitration Association; and certain of the claims detailed are arbitrable, if at all, before an independent arbitrator appointed by the president of the Real Estate Board of the City of New York.
The petitioner, 70 East 10th St. Corp. (70 East), and Stewart Tenants Corp. entered into an agreement dated September 1, 1959, under which 70 East agreed to complete a certain apartment building at 70 East 10th Street, New York City, in accordance with the terms of the agreement. No arbitration clause was contained in the agreement. However, such agreement incorporates by reference a “ Plan of Cooperative Organization of Stewart House ”. This plan contains therein an arbitration clause.
Objections of petitioner as to whether there is an agreement to arbitrate is of no avail since the petitioner participated in the appointment of arbitrators and thereby concurred that there was a valid contract containing an arbitration clause to cover disputes (Matter of National Cash Register Co. (Wilson], 8 N Y 2d 377; Matter of Simplex Mach. Tool Corp. (Swind Mach. Co.], 16 Misc 2d 85; Milton L. Ehrlich Inc. v. Swiss Constr. Corp., 21 Misc 2d 506, affd. 11 A D 2d 644).
The petitioner further contends that certain of the claims detailed are arbitrable, if at all, before an independent arbitrator appointed by the Real Estate Board.
The court herein has held above that petitioner had already participated in the selection of arbitrators; the obligation thereafter rests upon the arbitrators to interpret and apply the agreement and not to remake it.
*1094 By separate order, Justice Levey directed a consolidation of a third arbitration proceeding with this and another pending arbitration proceeding.
This court by order decided simultaneously herewith directed the staying of one of the two pending proceedings.
However, the court is not staying the instant proceeding and the consolidation is still in order as to the two pending arbitration proceedings. Accordingly, the motion to stay is denied.
The cross motion, attached to the other motion decided simultaneously, is granted. The parties are directed to proceed to arbitration on the consolidated arbitration proceeding.