PIONEER ACCEPTANCE CORPORATION *vs.* IRVING COVEN
CONSTRUCTION, INC.

Worcester.     May 13, 1976. — July 12, 1976.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Arbitration.   Jurisdiction,* Arbitration.

A provision in an arbitration clause of a construction contract that
   demand for arbitration must be made no later than the time of final
   payment precluded arbitration where demand was made six years
   after the time set in the contract for final payment even though the
   final payment had not yet been made. [435-436]

BILL IN EQUITY filed in the Superior Court on July 13,
1972.
   The suit was heard by *Meagher,* J.
   The case was submitted on briefs.
   *John J. George* for the plaintiff.
   *Daniel I. Cotton* for the defendant.

HALE, C.J.   The plaintiff has appealed from a judgment
adverse to it which declared that arbitration of a dispute
between it and the defendant was not precluded and
ordered the plaintiff and defendant "to arbitration forth-
with."
   The plaintiff entered into a written contract with the
defendant on February 25, 1966, for the construction of a

building. The contract contained an arbitration clause which we set out in the margin.[1] The contract also specified that final payment from the plaintiff to the defendant was due on June 21, 1966. As the result of a dispute arising out of the plaintiff's contention that the work was not properly performed, final payment was not made.

The defendant first made demand for arbitration on May 8, 1972, after an action it brought in a District Court was dismissed for failure to comply with the contractual requirement of a decision of an arbitrator as a condition precedent to an action at law. The plaintiff "appeared specially" before the arbitrator and moved to dismiss the arbitration proceeding on the ground that the arbitrator lacked jurisdiction, as the defendant's demand for arbitration was not timely. The arbitrator denied that motion.

The plaintiff then brought this action in the Superior Court, seeking a judgment declaring that as the demand

---

[1] *"ARTICLE 26. ARBITRATION*

"All disputes, claims or questions subject to arbitration under this contract shall be submitted to arbitration in accordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of The American Institute of Architects, and this agreement shall be specifically enforceable under the prevailing arbitration law, and judgment upon the award rendered may be entered in the court of the forum, state or federal, having jurisdiction. It is mutually agreed that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other.

"Notice of the demand for arbitration of a dispute shall be filed in writing with the other party to the contract. The demand for arbitration shall be made within a reasonable time after the dispute has arisen; in no case, however, shall the demand be made later than the time of final payment, except as otherwise expressly stipulated in the contract.

"The arbitrators, if they deem that the case requires it, are authorized to award to the party whose contention is sustained, such sums as they or a majority of them shall deem proper to compensate him for the time and expense incident to the proceeding and, if the arbitration was demanded without reasonable cause, they may also award damages for delay. The arbitrators shall fix their own compensation, unless otherwise provided by agreement, and shall assess the costs and charges of the proceedings upon either or both parties.

"All arbitration proceedings shall take place at the conclusion of the work. The Contractor shall not cause a delay of the work by reason of any dispute with the Owner and the Owner shall not withhold any payments by reason of any dispute with the Contractor."

for arbitration was delayed beyond the contract time limit (the time when final payment was due), it was not within the jurisdiction of the arbitrator and that arbitration was thereby precluded. The defendant's answer contained a prayer that the plaintiff's "bill be dismissed" and that a decree issue "declaring that arbitration take place between the parties." The case was submitted on an "agreed statement of facts" to a Superior Court judge, who entered the judgment which is the subject of this appeal.

The plaintiff's brief states a single issue in the form of a question. "Is a party to a contract containing an arbitration clause requiring demand for arbitration within a definite time entitled to arbitration if demand is made after the definite time has elapsed?"

The defendant asks us to defer to the arbitrator's decision, noting that "[i]f an arbitrator has committed an error of law or fact in arriving at his decision, a court will not upset the finding unless there is fraud involved." *Trustees of Boston & Maine Corp.* v. *Massachusetts Bay Transp. Authy.* 363 Mass. 386, 390 (1973). As we noted in *School Comm. of Hanover* v. *Curry*, 3 Mass. App. Ct. 151, 155 (1975), *S. C.* 369 Mass. 683, 685 (1976), "Whether an arbitrator acted beyond the scope of his authority is 'a question which is always open for judicial review.' "

The plaintiff argues that "time of final payment" in the context of the arbitration clause means the time set in the contract when the final payment was due, whether or not such payment has actually been made. Thus, it argues, that as there was no demand for arbitration made by June 21, 1966, the defendant may neither obtain arbitration of the contractual dispute nor bring an action on the contract, as the contract requires a decision of the arbitrator as a condition precedent to such action. See *Reynolds Jamaica Mines, Ltd.* v. *La Societe Navale Caennaise,* 239 F. 2d 689, 694 (4th Cir. 1956). The last paragraph of the arbitration clause (fn. 1) strongly imports that the parties contemplated that demands for arbitration would be made while the work was in progress and not years later. We have found no Massachusetts decision construing the

meaning of "time of final payment." The plaintiff directs our attention to two cases which considered an arbitration provision similar to the one in the present contract, *Jordan* v. *Freidman,* 72 Cal. App. 2d 726 (1946), and *Duke Labs. Inc.* v. *Albert A. Lutz Co. Inc.* 9 Misc. 2d 779 (N.Y. 1957). The phrases "time of final payment" in *Jordan* and "date of final payment" in *Duke Labs.* were construed to mean the time set in the contract for final payment, and the courts held that the form of notice of demand for arbitration sent prior to that time failed to satisfy contractual procedural requirements. Demands delivered subsequent to that time, even when treated as in satisfactory form, were held to be too late.

The defendant has argued, without citation of any authority, that application of this accepted interpretation of "time of final payment" as the time specified in the contract for final payment would deprive it of any meaningful opportunity to demand arbitration under some circumstances. The record before us contains none of the other contractual provisions, nor any agreed facts from which the due date of the final payment may have been determined. We know only that the parties have agreed that that date was June 21, 1966. Neither does the record disclose how much time elapsed between the onset of the dispute and June 21. On this record we need not reach the question whether the parties might have a reasonable time after June 21 to demand arbitration of a dispute not known to them before that date. We choose to follow the interpretation of "time of final payment" established in the *Jordan* and *Duke Labs.* cases, which we consider to be the proper one. See also *Diesel Constr. Co.* v. *Stewart Tenants Corp.* 33 Misc. 2d 1090 (N.Y. 1962).

Thus, the defendant's demand for arbitration in 1972 was almost six years too late and should not have been allowed. The judgment is reversed, and a new judgment is to be entered which precludes arbitration.

*So ordered.*