Amedo 'D'AMARIO[1]
vs.
**CONNOR CONSTRUCTION, INC.**

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

January 2, 1980

Edwin J. Fremder for the plaintiff.
Steven J. Comen for the defendant.

Present: Cowdrey, P.J., Flynn & Forte, JJ.

FLYNN, J. This is an action in contract in which the plaintiff seeks to recover

---

[1] Doing business as D'Amario Plumbing Co.

$1,002.12[2] as an alleged balance due for work performed under a subcontract with the defendant.

Summary judgment was entered in the District Court Department for the plaintiff. The pleadings, affidavits and other documents upon which said summary judgment was based reveal the following:

On June 20, 1973 the parties executed a written subcontract whereby the plaintiff agreed to perform certain plumbing work for the defendant. Thereafter, a dispute arose between the parties as to which of them was required to perform certain work. Said dispute was then submitted for determination to the engineer of the project upon the request of both parties on March 7, 1974.

The grievance procedure under the general contract binding upon the parties is summarized as follows:

1. Article IV — Submission of dispute to engineer for determination and order which becomes final unless disputed work sections are invoked.
2. Article XVIII — Para. a: Written request by contractor to owner and engineer in writing that contractor i proceeding with work under protest; Para. c: Failure to comply constitutes a waiver by contractor of any claim for compensation and damages.
3. Article XIX — Upon contractor's failure to agree with determination made under Article XVIII, contractor must send written notice to owner and engineer of same and demand arbitration.

By letter dated April 24, 1974, the engineer informed the defendant that the contract required the defendant, as contractor, to perform the disputed work.

No notice or letter of protest was sent to the owner or engineer by the defendant subsequent, and in relation, to the engineer's decision of April 24, 1974.

No request for arbitration was made by the defendant prior to filing a motion for arbitration on May 23, 1978, after court proceedings had commenced.

Paragraph 4 of the subcontract between the parties states:

"The contractor agrees that no claim for services rendered or materials furnished by the contractor to the subcontractor shall be valid unless written notice thereof is given by the contractor to the subcontractor during the first ten (10) days of the calendar month following that in which the claim originated."

"On November 28, 1975, the defendant billed the plaintiff for work done by the defendant between June 30 and July 21, 1974. This work is the basis of a counterclaim by the defendant.

The motion judge allowed plaintiff's Dist./Mun. Cts. R. Civ. P. 56 motion for summary judgment, ruling that:

"I find that the parties in this dispute contractually agreed that the decision of the engineer would be final; that the defendant after requesting and receiving from the engineer an interpretation of the contract on April 24, 1974, did not seek arbitration of the determination of the engineer; and that there is no evidence before the court that the decision of the engineer was made in bad faith, fraudulently, capriciously, arbitrarily; or based upon error of law."

The defendant is presently before this Division claiming to be aggrieved by: (1) the denial of the Motion for a Stay of Proceedings and Order for Arbitration; and (2) the entry of summary judgment for the plaintiff.

We uphold the rulings of the motion judge.

The denial of the defendant's motion for an order of arbitration was not error as the trial court lacked the jurisdictional power to entertain such a motion and to grant the relief sought. See **Lawrence v. Falzarano,** Mass. , n. 2 (1979).[a]

---

[2]Defendant claims this amount should be $1,000.00 and not $1,002.12. Plaintiff waived the $2.12 difference in open court at the time of argument before this Division.

[a]Mass Adv. Sh. (1979) 979, 980 n. 2.

Judicial authority to order arbitration would appear to be singularly vested by statute in the Superior Court Department. G.L. c. 251, s. 2(a).

Assuming arguendo that the trial court was empowered to grant the relief sought by the defendant, the motion must nevertheless be deemed properly denied. The defendant waived and was thus no longer entitled to arbitration under the terms of the parties' agreement which incorporated a clearly specified procedure not adhered to by the defendant.

Where a contract provides for arbitration and sets forth a method for implementing the same, a court must "adhere to the method established by the contract and forego the rewriting of the contract for the parties." **Stop & Shop. Cos. v. Gilband Bldg. Co.**, 364 Mass. 325, 329 (1973), quoting from **In re Lipschutz (Gutwirth)**, 304 N.Y. 58, 63-64 (1952). The contract herein created a method for requesting and securing arbitration, and the trial court properly refused to establish an alternative; namely, a court order for arbitration in the absence of compliance with the contract requirements. See **Roberto Constr. Co. v. Burnham-Manning Post #1105, 347 Mass. 400, 403-404 (1964); Pioneer Acceptance Corp. v. Irving Coven Constr., Inc.**, 4 Mass. App. Ct. 433 (1976).

The defendant's failure to submit a written demand under the contract constituted a forfeiture of his right to arbitration. **Sue Klau Enterprises, Inc. v. American Fidelity Fire Ins. Co.**, 551 F.2d 882, 886 (1st Cir. 1977); **Roberto Constr. Co. v. Burnham-Manning Acceptance Corp.**, supra; **Agoos Kid Co. v. Blumenthal Import Corp.**, 282 Mass. 1, 14 (1933); **Tumin v. Palefsky**, Mass. App. Ct. (1979).[b]

Turning to the summary judgment issue, the defendant's sole defense to the plaintiff's suit is the existence of his counterclaim in set-off. The affidavits and supporting documents submitted by both parties contain no denial or factual challenge by the defendant of his liability for the subcontract price or for extra labor and materials furnished by the plaintiff. Absent such factual dispute, the entry of summary judgment for the plaintiff must be sustained. See **Community Nat'l Bank v. Dawes**, 369 Mass. 550 (1976).

An interpretation of a written contract or agreement presents an issue of law for the trial court. **Doral Country Club, Inc. v. O'Connor**, 355 Mass. 27, 31 (1968). The defendant's counterclaim and defenses to the plaintiff's suit herein can be effectively resolved solely upon reference to the unambiguous provisions of the parties' agreement.

The recovery sought in the defendant's counterclaim for work performed under unofficial protest is effectively precluded by Articles XVIII and XIX of the contract and by paragraph 4 of the subcontract. The defendant, by his inaction in failing to comply with the provisions contained in said sections, is deemed to have surrendered all claim to compensation from the plaintiff relative to the disputed work.

The only possible factual issue identified by the defendant in opposition to the entry of summary judgment for the plaintiff is a $2.12 discrepency between the parties' quotations of the price for extra labor and materials furnished by the plaintiff. However, at the time of argument before this Division and in open court, the plaintiff waived this difference.

No genuine issue of material fact relative to liability exists, therefore, and the entry of summary judgment for the plaintiff was correct. **Community Nat'l Bank v. Dawes**, supra at 554-555.

There being no error, the report is dismissed, and the case is remanded to the district court to amend the finding for the plaintiff from the amount of $1,002.12 to $1,000.00.

So ordered.
J. Flynn