[Civ. No. 15113.   Second Dist., Div. Two.   Jan. 29, 1946.]

SCOTT S. JORDAN, Respondent, v. HARRY FRIEDMAN, Appellant.

William Katz for Appellant.

A. V. Muller for Respondent.

WILSON, J.—Respondent is a plastering contractor and appellant is a general contractor. The latter had a contract to construct a theater building and entered into a subcontract with respondent for the plastering of the building. After the completion of the work respondent filed a mechanic's lien on the building and commenced an action to foreclose the same.

After filing his answer appellant moved for a stay of proceedings until arbitration had been had in accordance with the contract. The motion was denied and defendant appealed. The affidavit on which the motion was based set forth the arbitration clause of the general contract which was adopted by the subcontract, providing among other things as follows:

". . . All questions subject to arbitration under this Contract shall be submitted to arbitration at the choice of either party to the dispute. . . . The demand for arbitration shall be filed in writing with the Architect, . . . within a reasonable time after cause thereof and in no case later than the time of final payment except as otherwise expressly stipulated in the Contract. If the Architect fails to make a decision within a reasonable time, an appeal to arbitration may be taken as if his decision had been rendered against the party appealing." The affidavit alleged that during the construction of the building a number of differences and disputes arose between respondent and appellant concerning the work done, the materials furnished, and the rights and responsibilities of respondent under the contract; in August, 1942, appellant requested arbitration (he does not allege that the request was in writing) and on October 15, 1942, after the commencement of the action, he made written demand on respondent that the disputes be settled by arbitration and the latter refused to arbitrate. Respondent denied receiving any offer except the written demand of October 15, 1942. He alleged, and it is not denied, that notice of completion of the work was filed June 8, 1942, and that under the terms of the contract he was entitled to his final payment 35 days thereafter.

Section 1284 of the Code of Civil Procedure provides that if the issue involved in a suit or proceeding is referable to arbitration by reason of an agreement between the parties, the court shall stay the action until arbitration has been had "provided, that the applicant for the stay is not in default in proceeding with such arbitration." Appellant is in default in two particulars: (1) He did not file a demand for arbitration in writing with the architect as required by the contract; (2) the demand served on respondent, on October 15, 1942, was of no avail since the contract did not provide for service on any person other than the architect. If such service had been permissible it was not served, as the contract provided, "within a reasonable time after cause" arose. It was served approximately three months after the last day allowed by the contract for the demand, to wit, "the time of final payment."

Where a contract provides that a demand for arbitration must be filed within a stated time and the party desiring arbitration permits the agreed period to pass without making demand, he waives his right to arbitration. (*Winchester* v.

*North British etc. Co.*, 160 Cal. 1, 6 [116 P. 63, 35 L.R.A.N.S. 404; *Case v. Manufacturers' Fire & Marine Insurance Co.*, 82 Cal. 263, 268 [21 P. 843, 22 P. 1083].)

Order affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 28, 1946.