MURTAUGH, PLAINTIFF-APPELLEE, *v.* AMERICAN STATES INSURANCE COMPANY, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25829. Decided January 24, 1963.

*Mr. George J. McMonagle* and *Mr. George F. Hayes,* for plaintiff-appellee.

*Messrs. Jamison, Ulrich, Hope, Johnson & Burt,* for defendant-appellant.

(BROWN, P. J., of the Seventh District, FESS, J., of the Sixth District, and YOUNGER, J., of the Third District, sitting by designation in the Eighth District.)

BROWN, P. J.   Plaintiff applied to the Common Pleas Court of Cuyahoga County, Ohio, for confirmation of an award of arbitration.

It is not disputed that a contract of insurance existing between the parties contained this clause:

"Arbitration—Part IV: Disagreement between any person making claim hereunder and the company as to either the legal liability of the owner or operator of the uninsured automobile or the amount of payment for damages owed by such owner or operator shall, upon written demand of either, be settled by arbitration in accordance with the rules of the American Arbitration Association.   Judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof.   Each party agrees to be bound by the decision of the arbitrators."

Defendant objected to confirmation of the award and petitioned to vacate the award stating that the arbitrators exceeded their powers; that the contract which provided for arbitration limited the subject matter for arbitration to: (1) Legal liability of the owner or operator of the uninsured automobile; and (2) extent of money damages owed by the uninsured motorist.   Defendant states that the dispute or disagreement is not in either of these areas, thus admitting the legal liability of the uninsured motorist and the extent of money damages owed by the uninsured motorist.

Defendant further states that the dispute arises because of language in its policy of insurance.   This language is:

"Other insurance.   If an insured is injured while occupying an automobile not owned by the named insured, this insurance shall be excess over any other similar insurance available to

him but only in an amount by which this insurance exceeds the sum of the limits of all other similar insurance available to him.''

Defendant claimed and offered proof that the insured was injured while occupying an automobile not owned by the named insured, and that similar other insurance in amount of $5,000.00 was paid to insured under such other policy.

Defendant further claims limit of this policy is $5,000.00, resulting in no excess, hence no coverage.

The trial court confirmed the award thus concluding that the arbitrators had not exceeded their authority.

Arbitration clauses are of two types: Unlimited clauses providing for arbitration of any kind and all disputes arising out of a contract; and limited clauses providing for the arbitration of specific type of dispute arising out of contract. Williston on Contracts, Revised Edition, Volume 6, page 5383. Such clauses are referred to as ''particular'' or ''general.'' *Rosenbaum* v. *American Surety Co.*, 229 N. Y. S. (2d), 375.

The clause in question is a limited type clause, a ''particular'' type clause. Obviously, if such a policy is lapsed, at the time of accident, the award made by the arbitrators is void. If such a policy provides limits of $5,000.00, an award in excess of that amount is void to the extent it exceeds limits. Likewise when such a policy provides that coverage is limited to the amount by which this insurance exceeds the sum of the limits of all other similar insurance available, and it does not, then there is no sum out of which an award may be made. An award would exceed the policy limits and would be void.

Clearly, under the language of the contract, coverage questions are not arbitrable.

The defendant proposed in good faith that such a defense exists. Whether it does was not left to arbitration by the policy, nor submitted to the trial court on these pleadings.

*Berman* v. *Travelers Indemnity Co.*, 171 N. Y. S. (2d), 869 (1958); *Ross* v. *Hardware Mutual Casualty Co.*, 173 N. Y. S. (2d), 941 (1958); *Rosenbaum* v. *American Surety Co.*, 11 N. Y. (2d), 310, 229 N. Y. S. (2d), 375.

The arbitrators may decide only those matters submitted to them by the agreement of the parties. No one is under a duty to resort to arbitration unless by clear language he has

so agreed. *Lehman* v. *Ostrovsky*, 264 N. Y., 130; 190 N. E., 208. Only the two specific issues agreed to be arbitrated can be arbitrated. All other questions of law and fact were not submitted. In making an award in any amount against the defendant company the arbitrators exceeded their authority. The court of common pleas should have vacated the award under Section 2711.10 (D), Revised Code, which provides:

"In any of the following cases, the court of common pleas in the county wherein an award was made in an arbitration proceeding shall make an order vacating the award upon the application of any party to the arbitration if: * * *

"(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. * * *."

The finding that the arbitrators exceeded their authority merely vacates the award and does not under these pleadings determine the question of interpretation of the "other insurance clause" or its applicability to the facts in this case, or the defendant's ultimate liability or non-liability thereunder. These questions must be otherwise determined since they were not submitted to arbitration by agreement of American States Insurance Company.

Judgment reversed and final judgment for the defendant.

Younger, J., concurs.
Fess, J., dissents.

Fess, J. (dissenting). I agree with the majority that the arbitration clause purports to make the arbitration contingent (but not necessarily a limitation) upon a "disagreement between any person making claim hereunder (Murtaugh) and the company as to either (1) the legal liability of the owner or operator of the uninsured automobile or (2) the amount of payment for damages owed by such owner or operator."

At the trial upon the petition to confirm the arbitration award the defendant contended that it had admitted the legal liability of the uninsured motorist and the extent of money damages owed by such motorist. But, notwithstanding this concession at the trial, prior to the submission of the matter to arbitration the defendant had refused to settle or otherwise

pay the amount claimed to be due plaintiff. After negotiation with the plaintiff comprising offers and counter offers for settlement, the defendant finally refused to pay any amount on the ground that under the "other insurance" clause of its policy it was bound only to pay the amount by which its insurance exceeded the sum of the total limits of all other similar insurance available to its named insured.

It is conceded that arbitration clauses are of two classes, (1) unlimited, and (2) limited clauses providing for the arbitration of specific types of disputes arising out of contract. Nevertheless, the very purpose of the arbitration clause was to settle and finally determine any disagreement between the parties with respect to the liability of the owner of the uninsured automobile and the amount of damages for which he was liable. It thus contemplated determination of the amount for which the defendant was liable to the plaintiff.

The underlying basis for the submission of a dispute to arbitrators is to obviate the necessity of determination of a controversy or dispute by judicial proceedings. And it is the policy of the law to favor and encourage arbitration, and every reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts. *Brennan* v. *Brennan*, 164 Ohio St., 29, 128 N. E. (2d) 89; *Campbell* v. *Automatic Products Co.*, 162 Ohio St., 321, 329, 123 N. E. (2d), 401.

And when a dispute is submitted to arbitrators, the parties thereby consent to a determination of the facts as well as the law. As stated by the Supreme Court in the *Brennan* case, as far back as 1835 the court in *Ormsby's Admrs.* v. *Bakewell & Johnson*, 7 Ohio 99, held that, where arbitrators are substituted by parties, the award of the arbitrators is final and cannot be impeached for error; and that nothing but fraud in the parties or the arbitrators can be alleged to avoid the award. "Arbitrators are constituted, by the parties, chancellors, judges and jurors, and have jurisdiction of the law and the facts." *Ormsby's* v. *Bakewell, supra; Springfield* v. *Walker*, 42 Ohio St., 543. See also *Corrigan* v. *Rockefeller*, 67 Ohio St., 354, 66 N. E., 95, and *Dressler* v. *Kiewit Sons Co.*, 102 Ohio App., 503, 144 N. E. (2d), 269. These authorities relate to general or unlimited arbitration proceedings, but the principle that the arbitrators

have jurisdiction to determine the law as well as the facts should likewise apply to a so-called limited arbitration. Otherwise no final and binding award could be made.

Conceding that the arbitration was limited to a determination of the two items, nevertheless, incident to a determination thereof toward making the award contemplated by the arbitration clause, it was necessary for the arbitrators to consider other provisions of the policy which might affect the award, such as for example the "other insurance" clause and the limitation contained therein.

Although afforded ample opportunity to do so, the defendant refused to participate in the arbitration proceedings. Defendant was content merely to address a letter to the arbitrators advising that the question attempted to be arbitrated was not one for which its policy provided arbitration procedure and for that reason refused to participate in any attempt to arbitrate the dispute. The letter further stated that the dispute had to do with the policy construction concerning the effect of the "other insurance" provision of its policy, and that arbitration under its policy was only allowed when it involved a question of the legal liability or the amount of payment of damages. The contention or objection asserted in this letter merely raised a question of law for consideration and determination by the arbitrators incident to their determination of the question submitted. In rejecting this contention or overruling defendant's objection the arbitrators may have erred as a matter of law. A court or another panel of arbitrators might well have decided otherwise in construing the terms of the policy. But, inasmuch as the determination of the question submitted involved a decision on questions of law (including the construction of the terms of the policy), as well as those of fact, the defendant is bound by the award and may not assert the claimed error in a proceeding to confirm the award.

The writer is not unaware of the statement of Zimmerman, J., in the *Campbell case*, which is obiter, that the defendant therein might have brought an action to rescind the contract on the ground of illegality or it could have refused to arbitrate under the contract thus forcing the plaintiff to call upon the courts under the arbitration statutes to compel the defendant to submit the controversy to arbitration. Plaintiff in the in-

stant case elected to proceed with the arbitration and the arbitrators proceeded to make the award notwithstanding the objection of the defendant. Instead of bringing an action for declaratory judgment or one to restrain the plaintiff and the arbitrators from proceeding to make their award, defendant merely objected to the proceeding upon the claimed jurisdictional ground.

Section 2711.09, Revised Code, provides that the court shall grant such an order confirming an award unless the award is vacated, modified, or corrected as prescribed by Sections 2711.10 and 2711.11, Revised Code. Upon the record presented upon this appeal it is not shown that the arbitrators or the parties were guilty of bad faith or fraud or that the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

The writer, therefore, respectfully dissents and is of the opinion that the judgment of the Common Pleas Court should be affirmed.