[Civ. No. 29035. Second Dist., Div. Four. Mar. 30, 1965.]

AETNA CASUALTY & SURETY COMPANY, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; MARTHA ELLEN LANE et al., Real Parties in Interest.

Veatch, Thomas, Carlson & Dorsey, Henry F. Walker and Frederick C. Quimby, Jr., for Petitioner.

No appearance for Respondent.

Coyle & Dunford for Real Parties in Interest.

FRAMPTON, J. pro tem.*—Petitioner seeks a writ of mandate, or in the alternative, prohibition, directing respondent court (1) to vacate and set aside an order made November 27, 1964, and set out below,[1] (2) to accept jurisdiction of the causes of action set forth in plaintiff's complaint, and (3) to determine in said action those matters therein presented which are not the subject of arbitration; or in the alternative that respondent court be restrained (1) from enforcing said order of November 27, 1964, (2) from refusing to accept jurisdiction of those matters presented in petitioner's suit which are not subject to arbitration, and (3) from compelling arbitration to be had of issues which are not subject to arbitration.

The controversy arises out of the following factual background as appears from the undenied allegations of the petition. Petitioner issued to Marguerita Celento, hereinafter referred to as Celento, its policy of public liability insurance covering her motor vehicle. This policy was in full force and effect on October 17, 1962, when the vehicle, then being driven by her, collided with a vehicle operated by George Albert Stone, an uninsured motorist. Martha Ellen Lane, hereinafter referred to as Lane, an occupant of the Celento vehicle, was injured in the accident. The policy issued by petitioner provided for uninsured motorist coverage in the amount and to the extent required by Insurance Code section 11580.2 and Lane was an insured under the policy.

So far as appears, no action of any kind was taken until September 23, 1964, almost two years after the accident, at which time Lane instituted arbitration proceedings before the American Arbitration Association, and served a demand for arbitration upon petitioner. No arbitration proceedings have as yet been held. On October 14, 1964, petitioner filed its complaint in the respondent court against Lane in which it sought in the first cause of action to enjoin Lane from

---

*Assigned by the Chairman of the Judicial Council.

[1]"Demurrer of defendant Martha Ellen Lane to Complaint (submitted November 23, 1964)

"Demurrer sustained upon the Points and Authorities submitted. All further proceedings herein are stayed, pending determination of the arbitrator. The issues sought to be raised here are appropriate to be presented in bar, in the first instance, and may there be countered by any claim that the time limit had been waived or that plaintiff herein is estopped to assert it.

"Declaratory relief does not lie, since it is neither necessary nor proper under the circumstances. Arbitration, and Court review of the determination therein, is an adequate and speedy remedy. . . .' '

further prosecuting the arbitration proceedings, and in the second cause of action, a declaration that Lane has no valid cause of action against plaintiff therein under the uninsured motorist provisions of plaintiff's policy and arising out of the accident of October 17, 1962.

The complaint referred to the pendency of the arbitration proceedings and included as an exhibit a copy of Lane's demand for arbitration. Lane then filed a general demurrer to the complaint as a whole. Following a hearing on the demurrer, the court made the order which has been set forth in the margin.[2]

It should be noted at the outset that the superior court action was not one in which either party invoked the aid of the court to compel arbitration under Code of Civil Procedure section 1281.2. The action was brought in court to obtain judicial relief upon a cause of action arising out of a contract between the parties. The decision of the trial court was, in effect, to close its doors to the plaintiff in that action, upon the assumption that full relief would and should be given in the pending arbitration. The question now to be determined is whether there are issues between the parties which are not subject to arbitration, which issues the court was under a duty to try and decide.

■ Unless the provisions of section 11580.2 of the Insurance Code, relating to damage caused by an uninsured motor vehicle, are deleted by an agreement in writing between the insurer and any named insured, such provisions become a part of every contract of bodily injury liability insurance issued or delivered in this state covering liability arising out of the ownership, maintenance or use of any motor vehicle. (*Traders etc. Ins. Co.* v. *Pacific Emp. Ins. Co.,* 130 Cal.App.2d 158, 164 [278 P.2d 493].) The statute sets forth the minimum requirements and its provisions are controlling on the subject of arbitration unless broadened by agreement of the parties. ■ Here the contract of insurance was limited to the minimum requirements prescribed by the statute.

This section, as it relates to the issues presented here, provides as follows: "(a) No policy of bodily injury liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle, shall be issued or delivered in this State to the owner or operator of a motor

---

[2]In view of the decision here on other grounds, it is unnecessary to consider whether the general demurrer was an appropriate procedure for raising the matters which the court passed upon.

vehicle . . . unless the policy contains, or has added to it by endorsement, a provision with coverage limits at least equal to the financial responsibility requirements specified in section 16059 of the Vehicle Code insuring the insured . . . for all sums within such limits which he . . . shall be legally entitled to recover as damages for bodily injury . . . from the owner or operator of an uninsured motor vehicle. . . . (e) The policy or an endorsement added thereto shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration. The provisions of article 3 (commencing with section 2016) of Chapter 3 of Title 3 of Part 4 of the Code of Civil Procedure shall be applicable to such determinations. . . . (h) No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless within one year from the date of the accident: (1) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction, or (2) Agreement as to the amount due under the policy has been concluded, or (3) The insured has formally instituted arbitration proceedings.''

█ It is the rule that the powers of the arbitrator are determined by the contract by which the matter is submitted to him. (*O'Malley* v. *Petroleum Maintenance Co.*, 48 Cal.2d 107, 110 [308 P.2d 9].) █ In the case at bench the arbitration agreement is what Insurance Code section 11580.2, subdivision (e), provides, no more and no less. █ This statute specifically calls for arbitration ''as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof. . . .'' The word ''damages,'' in its context, refers to the ''damages . . . from the owner or operator of the uninsured motor vehicle'' referred to in subdivision (a) of the same code section. Thus it appears that the arbitration clause covers, as a minimum, the issues as to the liability of the uninsured motorist and the amount recoverable from such motorist. But this alone does not settle the question as to what other issues, if any, may be resolved by the arbitrator who is specifically empowered to determine those two kinds of issues.

The specific issue which petitioner in this case desires to have determined by the court is whether Lane's claim for damages is barred by the one-year limitation prescribed by

subdivision (h) of Insurance Code section 11580.2, which carries with it the subsidiary questions as to whether that time limit has been extended by waiver or estoppel. No reported decision in this state has decided whether that is an issue for the court or an issue which the statute commits to arbitration. The statements in the cases commenting on uninsured motorist arbitration are not entirely harmonious,[3] and are not helpful here because none has considered the issue which has arisen in the present controversy.

In other states uninsured motorist statutes have been construed to confer upon the arbitrators authority only to decide limited issues as to the liability of the uninsured motorist and the amount of the damages sustained. (See *Rosenbaum* v. *American Surety Co. of New York,* 11 N.Y.2d 310 [229 N.Y.S.2d 375, 183 N.E.2d 667]; *Murtaugh* v. *American States Ins. Co.,* 25 Ohio Op. 2d 106 [91 Ohio L.Abs. 267, 187 N.E.2d 518]; *Cruger* v. *Allstate Ins. Co.* (Fla.App.) 162 So.2d 690; *Fazio* v. *Employers' Liability Assurance Corp.* (Mass.) 197 N.E.2d 598.)

In *Application of Nationwide Mutual Ins. Co.,* 39 Misc.2d 782 [241 N.Y.S.2d 589], the court held that the question of whether the insured had demanded arbitration within the statute of limitations was to be determined by the court. A number of other New York decisions have held that the timeliness of the notice of claim, as required by the insurance policy, is to be determined by the court, and not the arbitrator. (*Motor Vehicle Accident Indemnification Corp.* v. *Brown,* 15 App.Div.2d 578 [223 N.Y.S.2d 309]; *Application of Motor Vehicle Accident Indemnification Corp.* (Sup.Ct.) 227 N.Y.S. 2d 868; *Motor Vehicle Accident Indemnification Corp.* v. *Comerchero* (Sup.Ct.) 228 N.Y.S.2d 207.)

These cases, while of interest, are of little help here. Not only are there differences in the language of the statutes, but, more important, there are differences between the policy of this state and the policy of some other jurisdictions with respect to arbitration generally. (See *Posner* v. *Grunwald-Marx, Inc.,* 56 Cal.2d 169 [49 Cal.Rptr. 297, 363 P.2d 313].)

[3]Compare the references to limited arbitration in *Zak* v. *State Farm Mut. etc. Ins. Co.,* 232 Cal.App.2d 500, 509 [42 Cal.Rptr. 908]; *Costa* v. *St. Paul etc. Ins. Co.,* 228 Cal.App.2d 651, 654 [39 Cal.Rptr. 774]; and *Voris* v. *Pacific Indemnity Co.,* 213 Cal.App.2d 29, 35 [28 Cal.Rptr. 328], with the discussion of ''general'' arbitration in *Jordan* v. *Pacific Auto Ins. Co.,* 232 Cal.App.2d 127, 132-134 [42 Cal.Rptr. 556], and *Interinsurance Exch. of Auto. Club* v. *Bailes,* 219 Cal.App.2d 830, 834 [33 Cal.Rptr. 533]. See Comment 48 Cal.L.Rev. 516, 533, taking the position that the California statute provides for arbitration of two issues only.

Pertaining to the issue in the present case is *Jordan* v. *Friedman*, 72 Cal.App.2d 726 [165 P.2d 728]. That was an action upon a construction contract in which the defendant moved for a stay until arbitration had been had in accordance with the contract. The stay was denied upon the ground that defendant had not made a timely demand for arbitration. ■ In affirming the order denying the stay, the appellate court said (p. 727) :

"Where a contract provides that a demand for arbitration must be filed within a stated time and the party desiring arbitration permits the agreed period to pass without making demand, he waives his right to arbitration."

The reasoning of the *Jordan* decision is consistent with the provision of the new arbitration statute, enacted in 1963, which makes waiver an issue to be determined by the court. Code of Civil Procedure section 1281.2 provides that when a petition is brought in court to compel arbitration, the court is empowered to determine whether the right to compel arbitration has been waived by the petitioner.

■ The rule of *Jordan* v. *Friedman* seems peculiarly applicable when Insurance Code section 11580.2 is examined as a whole. Subdivision (e) of that section defines the duty to arbitrate. Subdivision (h), which makes no direct reference to arbitration, declares that "No cause of action shall accrue to the insured under any policy . . ." unless certain conditions precedent are met within one year from the date of the accident. It appears to be the legislative intent that compliance with subdivision (h) is a condition precedent to arbitration as well as to the enforcement of any other right under the policy. Failure to act within this time limit constitutes a waiver of the right to arbitrate, and such waiver may be determined by a court whose jurisdiction is invoked for that purpose.

It should not be overlooked that a determination of this issue of waiver (or compliance with conditions precedent, whichever it be called) may be very different if it is tried before an arbitrator rather than a court. ■ A court determines the facts upon the weight of competent evidence, and applies the law as it is laid down by the authorities. Arbitrators, on the other hand, "may base their decision upon broad principles of justice and equity, and in doing so may expressly or impliedly reject a claim that a party might successfully have asserted in a judicial action." (*Sapp* v. *Barenfeld*, 34 Cal.2d 515, 523 [212 P.2d 233].) Thus, what

an arbitrator would find to be compliance could be something other than compliance as measured by the standards of the law.

Subdivision (h) is, in effect, a statute of limitations. Such statutes are intended to set controversies at rest by foreclosing consideration thereafter as to the merits of the claim. To reject a strict application of the law in favor of "broad principles of justice and equity" would make a statute of limitation meaningless. The Legislature doubtless had in mind that delay in asserting an uninsured motorist claim can seriously prejudice the insurer. For example, the insurer's subrogation right to go against the negligent third party (as provided in § 11580.2, subd. (f)) will be lost unless something is done within one year after the accident. It appears that, in setting up subdivision (h), a one-year limitation which will bar the policyholder's cause unless certain steps are taken within the year, the Legislature intended to provide a legal limitation, to be recognized by a court in a proper case, in accordance with legal standards upon which courts decide cases.

In the civil action brought by petitioner against its insured, Lane, it was and is the duty of the superior court to determine whether the petitioner was relieved of any duty to arbitrate by reason of the assured's failure to comply or to show legal excuse for noncompliance with the conditions precedent as set forth in subdivision (h) of section 11580.2 of the Insurance Code. It is unnecessary to determine now whether petitioner needs or is entitled to injunctive relief. The trial court has not considered that question. It appears that for the time being, at least, the insured and the arbitrator have desisted from pressing the arbitration.

Let a writ of mandamus issue commanding the respondent court to vacate its order of November 27, 1964, and to overrule the demurrer to the complaint.

Files, P. J., and Jefferson, J., concurred.