[No. S136255. May 21, 2007.]

WAGNER CONSTRUCTION COMPANY, Plaintiff and Appellant, v.
PACIFIC MECHANICAL CORPORATION, Defendant and Respondent.

22

## COUNSEL

Marks, Golia & Finch, P. Randolph Finch, Jr., and Jason R. Thornton for Plaintiff and Appellant.

McInerney & Dillon, Timothy F. Winchester, William A. Barrett and Alexander Bannon for Defendant and Respondent.

## OPINION

**WERDEGAR, J.**—We granted review to consider whether the lower courts properly denied a petition to compel arbitration (Code Civ. Proc., § 1281.2)[1] on the ground the statute of limitations has run on the claims the parties agreed to arbitrate. We hold the lower courts erred. Where, as here, the parties have agreed to arbitrate any dispute arising out of their contract, the affirmative defense that the statute of limitations has run is for the arbitrator rather than the court to decide.

### I. BACKGROUND

On November 21, 1997, defendant Pacific Mechanical Corporation (Pacific) hired plaintiff Wagner Construction Company (Wagner) as a subcontractor to install a temporary shoring system for concrete work on the Moss Avenue Pump Station in Santa Monica. The parties' written agreement

---

[1] All further citations to statutes are to the Code of Civil Procedure, except as otherwise noted.

provided that, "[s]hould any dispute arise out of this Subcontract, or its performance, either party may demand arbitration." The arbitration clause prescribed a method for selecting arbitrators and declared that their decision "shall be binding and conclusive . . . ." The clause did not, however, set a time limit for demanding arbitration.

On January 11, 1999, Wagner filed a complaint alleging Pacific had failed to pay all amounts due under the subcontract. The complaint included claims against Pacific for breach of contract and the value of services rendered (a common count). In the same action, Wagner also sued Pacific and its surety, American Home Insurance Company, to enforce a contractor's payment bond. Finally, because the construction project had been a public work of improvement, Wagner asserted statutory claims based on a stop notice (Civ. Code, §§ 3103, 3179 et seq.) against Pacific, the City of Santa Monica and Montgomery Watson Americas, Inc., the city's general contractor.

Sometime thereafter, Wagner and Pacific were sued for personal injuries related to the construction project. Pacific tendered its defense to Wagner, who agreed to defend. Wagner then dismissed its complaint against Pacific without prejudice. Wagner alleges the dismissal was pursuant to an agreement with Pacific under which the statute of limitations on Wagner's claims would be tolled until the personal injury suit was resolved. Pacific denies this, and Wagner does not allege the agreement was in writing. In any event, on July 22, 2004, after the personal injury action was resolved, Wagner filed a new complaint against Pacific alleging breach of contract, a common count, and new claims for statutory penalties based on Pacific's alleged failure to pay Wagner its share of funds received from the general contractor (Pub. Contract Code, § 7107; Bus. & Prof. Code, § 7108.5).

On August 18, 2004, Wagner demanded arbitration. Two days later, anticipating Pacific's refusal, Wagner filed the instant petition to compel. Pacific opposed the petition, arguing that Wagner had waived its right to compel by failing to demand arbitration within a reasonable time. Pacific thus invoked section 1281.2, subdivision (a), which permits a court to deny a petition to compel if it determines that "[t]he right to compel arbitration has been waived by the petitioner . . . ." Pacific also argued that the four-year statute of limitations for actions based on written contracts (§ 337) barred Wagner's claim and that the alleged tolling agreement was ineffective because it was not in writing (§§ 360, 360.5).

The superior court denied Wagner's petition. In a tentative ruling, which the court subsequently adopted as its decision, the court determined that all of Wagner's claims were barred, either by section 337 or by section 338, subdivision (a) (the three-year statute of limitations on statutory claims). "From these statutes," the court concluded, "it is clear that the claims in this case are barred by the statute of limitations, unless Wagner has a written tolling agreement. The Court does not need to reach the argument that this Petition was not brought within a reasonable time."

On appeal, Wagner argued that the arbitrator, rather than the court, should decide whether the statute of limitations bars claims the parties have agreed to arbitrate; Pacific, in opposition, argued the superior court had properly decided the issue. While the parties thus did not argue the waiver issue (§ 1281.2, subd. (a)) and the superior court had expressly declined to decide it, the Court of Appeal nevertheless cast its decision in those terms, apparently concluding that Wagner's failure to demand arbitration before the statute of limitations had run on the underlying claims in itself justified a finding of waiver. Mistakenly attributing similar reasoning to the superior court, a divided Court of Appeal concluded that "the trial court properly ruled plaintiff's right to arbitrate was waived by the failure to seek arbitration in a timely manner. (§ 1281.2, subd. (a) . . . .)" We granted Wagner's petition for review.

## II. Discussion

■ The question before us is whether a court may deny a petition to compel arbitration on the ground the statute of limitations has run on the claims the parties agreed to arbitrate. We conclude the answer is no.

■ Sections 1281[2] and 1281.2,[3] which govern petitions to compel arbitration, reflect a " 'strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution.' " (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9 [10 Cal.Rptr.2d 183, 832 P.2d 899], quoting *Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street* (1983) 35 Cal.3d 312, 322 [197 Cal.Rptr. 581, 673 P.2d 251] (*Ericksen*).)

---

[2] Section 1281 provides: "A written agreement to submit to arbitration an existing controversy or a controversy thereafter arising is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract."

[3] Section 1281.2, as relevant here, provides:

"On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such

When the parties to an arbitrable controversy[4] have agreed in writing to arbitrate it and one has refused, the court, under section 1281.2, must ordinarily grant a petition to compel arbitration. Exceptions to this rule are recognized by statute[5] and judicial decision.[6] That the statute of limitations has run on the underlying claims, however, is not among the legislatively or judicially recognized justifications for denying a petition to compel. Instead, the assertion that the statute of limitations has run is an affirmative defense that falls naturally within the plain language of the parties' broad agreement to submit to arbitration "any dispute aris[ing] out of" their contract. Even were the language less clear, "doubts concerning the scope of arbitrable issues" would still have to be "resolved in favor of arbitration." (*Ericksen, supra,* 35 Cal.3d 312, 323; see also *Moses H. Cone Hospital v. Mercury Constr. Corp.* (1983) 460 U.S. 1, 24–25 [74 L.Ed.2d 765, 103 S.Ct. 927].) For a court to deny a petition to compel arbitration based on its adjudication of an affirmative defense would, moreover, violate section 1281.2, subdivision (c), which declares that, "[i]f the court determines that a written agreement to arbitrate a controversy exists, an order to arbitrate such controversy may not be refused on the ground that the petitioner's contentions lack substantive merit."

The only California decision squarely addressing the question holds that a court may not deny a petition to compel arbitration on the ground that the statute of limitations has run on the claims the parties have agreed to arbitrate.[7] In *Meyer v. Carnow* (1986) 185 Cal.App.3d 169 [229 Cal.Rptr.

controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that:

"(a) The right to compel arbitration has been waived by the petitioner; or

"(b) Grounds exist for the revocation of the agreement.

"(c) A party to the arbitration agreement is also a party to a pending court action or special proceeding with a third party, arising out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on a common issue of law or fact. . . .

"If the court determines that a written agreement to arbitrate a controversy exists, an order to arbitrate such controversy may not be refused on the ground that the petitioner's contentions lack substantive merit. . . ."

[4] We have held that certain claims for public injunctive relief are not arbitrable. (See *Cruz v. PacifiCare Health Systems, Inc.* (2003) 30 Cal.4th 303, 316 [133 Cal.Rptr.2d 58, 66 P.3d 1157]; *Broughton v. Cigna Healthplans* (1999) 21 Cal.4th 1066, 1079–1080 [90 Cal.Rptr.2d 334, 988 P.2d 67].)

[5] E.g., sections 1281, 1281.2, subdivisions (a)–(c).

[6] E.g., *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83 [99 Cal.Rptr.2d 745, 6 P.3d 669] (court may deny petition to compel arbitration on grounds the arbitration agreement is unconscionable or cannot adequately vindicate unwaivable rights).

[7] Other decisions that have been cited for the same proposition are not truly on point. *Kennedy, Cabot & Co. v. National Assn. of Securities Dealers, Inc.* (1996) 41 Cal.App.4th 1167 [49 Cal.Rptr.2d 66] concerned not a statute of limitations but a rule of the National Association

617], the Court of Appeal reversed a superior court's order denying a patient's petition to compel a physician to arbitrate malpractice claims under the terms of an agreement for medical treatment. Rejecting the physician's argument the petition had to be denied because the statute of limitations on the malpractice claims had expired, the court explained that "reliance upon the statute of limitations applicable to medical malpractice lawsuits is misplaced. [The patient] is not seeking to invoke the jurisdiction of a judicial forum to litigate the merits of a malpractice claim but rather seeks from the superior court an order that [the physician] abide by a contract he signed." (*Id.*, at p. 174.)

Pacific would read *Freeman v. State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473 [121 Cal.Rptr. 477, 535 P.2d 341] (*Freeman*)[8] as stating a different rule. It does not. *Freeman* held that a court properly denied a petition to compel arbitration under section 1281.2, subdivision (a), because the plaintiff had *waived* the right to arbitrate by failing to demand arbitration within the time period specifically allowed therefor by statute. (*Freeman, supra,* at pp. 482–487.) The applicable statute was former section 11580.2 of the Insurance Code, which regulated the terms and enforcement of insurance policies covering damages caused by uninsured motorists. The former statute's subdivision (i) provided: *"No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless within one year from the date of the accident*: [¶] (1) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction, or [¶] (2) Agreement as to the amount due under the policy has been concluded, or [¶] (3) *The insured has formally instituted arbitration proceedings."* (Ins. Code, former § 11580.2, subd. (i), as amended by Stats. 1974, ch. 1409, § 3, pp. 3088, 3093, italics added.) The authority on which *Freeman* relied explains the point more clearly: "It appears to be the legislative intent that compliance with [Insurance Code, former section 11580.2, subdivision (i)] is a condition precedent to arbitration as well as to the enforcement of any other right under the policy. Failure to act within this time limit constitutes a waiver of the right to arbitrate, and such waiver may be determined by a court whose jurisdiction is invoked for that purpose." (*Aetna Cas. & Surety Co. v. Superior Court* (1965) 233 Cal.App.2d 333, 339 [43 Cal.Rptr. 476], cited in *Freeman*, at p. 483.)

---

of Securities Dealers requiring claims to be submitted to arbitration within six years. (*Id.*, at p. 1171 & fn. 3.) Similarly, *Boys Club of San Fernando Valley, Inc. v. Fidelity & Deposit Co.* (1992) 6 Cal.App.4th 1266 [8 Cal.Rptr.2d 587], concerned not a statute of limitations but a contractual provision requiring any suit on a performance bond to be instituted within three years. (*Id.*, at p. 1276, fn. 4.)

[8] In *Freeman, supra*, 14 Cal.3d 473, this court adopted the decision of the Court of Appeal. (See *id.*, at p. 477.)

■    The court in *Freeman, supra,* 14 Cal.3d 473, thus applied the statutory rule (§ 1281.2, subd. (a)) that petitions to compel may be denied when the right to arbitrate has been waived. No issue concerning a statute of limitations was before the court. Nevertheless, Pacific, echoing the Court of Appeal below, reads *Freeman* as holding that statutes of limitations present issues for courts rather than arbitrators. Pacific points to the following language in the opinion: " 'It should not be overlooked that a determination of this issue of waiver (or compliance with conditions precedent, whichever it be called) may be very different if it is tried before an arbitrator rather than a court. A court determines the facts upon the weight of competent evidence, and applies the law as it is laid down by the authorities. Arbitrators, on the other hand, "may base their decision upon broad principles of justice and equity, and in doing so may expressly or impliedly reject a claim that a party might successfully have asserted in a judicial action." [Citation.] Thus, what an arbitrator would find to be compliance could be something other than compliance as measured by the standards of the law. [¶] [Former Insurance Code section 11580.2, subdivision (i)] is, in effect, a statute of limitations. Such statutes are intended to set controversies at rest by foreclosing consideration thereafter as to the merits of the claim. To reject a strict application of the law in favor of "broad principles of justice and equity" would make a statute of limitation meaningless.' [Citation.]" (*Freeman, supra,* 14 Cal.3d 473, 483–484.)

■    The *Freeman* court's correct conclusion that questions of waiver are for the court rather than the arbitrator required no further justification than the Legislature's explicit statement to that effect in section 1281.2, subdivision (a). (See *Freeman, supra,* 14 Cal.3d 473, 483.) Given this categorical legislative determination, the hypothetical question whether arbitrators might decide waiver issues differently than courts (see *ibid.*) is of no concern. On the other hand, neither section 1281.2 nor any other statute permits a court to deny a petition to compel arbitration based on a party's assertion that the statute of limitations has run on the claims the parties agreed to arbitrate. Nor does the chance that an arbitrator might decide this affirmative defense differently than a court provide a legitimate nonstatutory basis for denying a motion to compel. The possibility that arbitrators " 'may base their decision upon broad principles of justice and equity, and in doing so may expressly or impliedly reject a claim that a party might successfully have asserted in a judicial action' " is simply a risk that the parties, "by voluntarily submitting to arbitration, . . . have agreed to bear . . . in return for a quick, inexpensive, and conclusive resolution to their dispute." (*Moncharsh v. Heily & Blase,*

*supra*, 3 Cal.4th 1, 10–12.) The parties may avoid this risk, if they wish, by specifically agreeing that the arbitrators must act in conformity with rules of law. (*Id.*, at pp. 10–11.) Having broadly agreed to arbitrate any dispute arising out of a contract, however, a party may not attempt to avoid arbitration by " 'assert[ing] all possible legal or procedural defenses in court proceedings before the arbitration itself can go forward, [because] "the arbitral wheels would very soon grind to a halt." ' " (*Ericksen, supra*, 35 Cal.3d 312, 323.)

■ Delay in demanding or seeking to compel arbitration can, indeed, justify denying a motion to compel. But the rules that enforce the requirements of timely demands and petitions have nothing to do with the statutes of limitation that create affirmative defenses to the claims the parties have agreed to arbitrate. Moreover, none of the applicable rules permits us, or permitted the courts below, to decide on the existing record that Wagner's delay in seeking arbitration *does* justify denying its motion to compel. To make the point clear, we briefly review the applicable rules: ■ A petition to compel arbitration must be brought within four years after the party to be compelled has refused to arbitrate. (*Spear v. California State Auto. Assn.* (1992) 2 Cal.4th 1035, 1040 [9 Cal.Rptr.2d 381, 831 P.2d 821].) This rule has nothing to do with the statute of limitations on the underlying claims. Instead, the rule reflects our understanding that a petition to compel arbitration states a separate cause of action subject to its own limitation period. As we have explained, "[a]n action to compel arbitration 'is in essence a suit in equity to compel specific performance of a contract' " and is, thus, subject to the four-year statute of limitations for actions founded upon written contracts. (*Ibid.*, citing *Freeman, supra*, 14 Cal.3d 473, 479; see § 337.) Under section 1281.2, "a party to an agreement to arbitrate may not bring an action to compel specific performance of the arbitration provision until he or she can allege not only the existence of the agreement, but also that the opposing party *refuses to arbitrate* the controversy. Therefore, it appears that a cause of action to compel arbitration does not accrue until one party has refused to arbitrate the controversy." (*Spear v. California State Auto. Assn., supra*, at pp. 1041–1042.) Applying these rules, Wagner's action to compel Pacific to arbitrate could not have accrued until sometime after August 18, 2004, when Wagner first demanded arbitration. Wagner's petition to compel, filed on August 20, was thus timely under the applicable statute of limitations.

■ This does not mean that a party may postpone arbitration indefinitely by delaying the demand. As mentioned, the Code of Civil Procedure expressly permits a court to deny a petition to compel arbitration on the ground

that "[t]he right to compel arbitration has been waived by the petitioner . . . ." (§ 1281.2, subd. (a).) As *Freeman, supra*, 14 Cal.3d 473, explains, a party may waive the right to compel arbitration by failing to demand arbitration within a time limit specified for that purpose in a statute. (*Id.*, at p. 483; see also *Aetna Cas. & Surety Co. v. Superior Court, supra*, 233 Cal.App.2d 333, 339.) A party may also waive the right to compel by failing to comply with a time limit for demanding arbitration specified in the contract. (*Platt Pacific, Inc. v. Andelson* (1993) 6 Cal.4th 307, 321 [24 Cal.Rptr.2d 597, 862 P.2d 158]; *Jordan v. Friedman* (1946) 72 Cal.App.2d 726, 727–728 [165 P.2d 728].) Compliance "is a condition precedent to the right to arbitration. In the absence of a legal excuse or subsequent modification of the parties' agreement, the failure to submit the dispute to arbitration within the agreed time precludes judicial enforcement of the right to arbitrate." (*Platt Pacific, Inc. v. Andelson, supra*, at p. 321.) In the case before us, however, no statute or contractual provision specifies a time limit within which Wagner was required to demand arbitration.

When no time limit for demanding arbitration is specified, a party must still demand arbitration within a reasonable time. (*Sawday v. Vista Irrigation Dist.* (1966) 64 Cal.2d 833, 836 [52 Cal.Rptr. 1, 415 P.2d 816].) This rule is an application of the general principle of contract law articulated in Civil Code section 1657, to the effect that, "[i]f no time is specified for the performance of an act required to be performed, a reasonable time is allowed." (See *Sawday v. Vista Irrigation Dist., supra*, at p. 836.) "[W]hat constitutes a reasonable time is a question of fact, depending upon the situation of the parties, the nature of the transaction, and the facts of the particular case." (*Ibid.*)

Although Wagner may have delayed unreasonably in seeking to compel arbitration,[9] the superior court expressly declined to reach the issue because it erroneously concluded the statutes of limitations on Wagner's contractual and statutory claims barred the petition to compel. The Court of Appeal, for its part, concluded that Wagner's failure to demand arbitration before the statutes of limitations had run on the underlying claims in itself justified a finding of waiver. This too was erroneous. "[N]o single test delineates the nature of the conduct that will constitute a waiver of arbitration." (*St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1195 [8 Cal.Rptr.3d 517, 82 P.3d 727].) A wide range of factors are relevant, as we have explained: " 'In determining waiver, a court can consider

---

[9] We intimate no view on the question.

"(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether 'the litigation machinery has been substantially invoked' and the parties 'were well into preparation of a lawsuit' before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) 'whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place'; and (6) whether the delay 'affected, misled, or prejudiced' the opposing party." ' " (*Id.*, at p. 1196, quoting *Sobremonte v. Superior Court* (1998) 61 Cal.App.4th 980, 992 [72 Cal.Rptr.2d 43].)[10] California law, "like [federal law], reflects a strong policy favoring arbitration agreements and requires close judicial scrutiny of waiver claims." (*St. Agnes Medical Center v. PacifiCare of California, supra*, at p. 1195.) Moreover, "waivers are not to be lightly inferred and the party seeking to establish a waiver bears a heavy burden of proof." (*Ibid.*)

In the case before us the superior court did not undertake the factual inquiry necessary to determine whether Wagner has waived its right to compel arbitration. Furthermore, the court expressly declined to "reach the argument that [the] Petition was not brought within a reasonable time." Pacific, as the prevailing party below, invites us to infer whatever factual findings are necessary to support the judgment. We may not infer a finding of waiver, however, because the superior court expressly declined to make such a finding in its statement of decision. "When a statement of decision does not resolve a controverted issue, . . . it shall not be inferred on appeal . . . that the trial court decided in favor of the prevailing party as to those facts or on that issue." (§ 634.)[11] We will, therefore, remand the case for further proceedings, during which the superior court may conduct whatever additional factual and legal inquiries are necessary to decide the issue of waiver.

---

[10] Ignoring our decision in *St. Agnes Medical Center v. PacifiCare of California, supra*, 31 Cal.4th 1187, and the multifactored test we adopted in that case for determining whether a party has waived the right to arbitrate (*id.*, at p. 1196), Pacific argues that "a reasonable time to exercise a contract right cannot exceed the statute of limitations for exercising that right." The decision on which Pacific relies, however, *Thomas v. Pacific Beach Co.* (1896) 115 Cal. 136, 142–143 [46 P. 899], did not involve arbitration and did not purport to address the issue before us in this case.

[11] The superior court, as noted, adopted the tentative decision as its ruling and expressly incorporated it by reference into the dispositive minute order. Pacific seems to argue that section 634 does not apply because the court in effect issued its statement of decision sua sponte rather than at Wagner's request. Section 634 is not so limited.

### III.   Disposition

The Court of Appeal's judgment is reversed and the case is remanded to that court for further proceedings consistent with this opinion.

George, C. J., Kennard, J., Baxter, J., Chin, J., Moreno, J., and Corrigan, J., concurred.