Filed 9/29/21  Turner v. Corinthian Internat. Parking Services CA4/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CORINTHIAN INTERNATIONAL WAGE AND HOUR CASES | |
| | G060405 |
| ADRIAN TURNER, | |
| Plaintiff and Respondent, | (JCCP No. 4886) |
| v. | O P I N I O N |
| CORINTHIAN INTERNATIONAL PARKING SERVICES INC. et al., | |
| Defendants and Appellants. | |

Appeal from an order of the Superior Court of Santa Clara County, Thomas E. Kuhnle, Judge.  Affirmed.

Berliner Cohen, Susan E. Bishop, and Thomas P. Murphy for Defendant and Appellant.

Schneider Wallace Cottrell Konecky, Carolyn H. Cottrell, David C. Leimbach, Sean L. Litteral; Lawyers for Justice and Edwin Aiwazian for Plaintiff and Respondent.

Defendant Corinthian International Parking Services, Inc. appeals from denial of its motion to compel arbitration of coordinated wage-and-hour claims brought by its employees. The trial court denied defendant's motion because it found the arbitration agreement unconscionable and because defendant failed to identify the class members who were parties to arbitration agreements. We conclude the trial court erred in finding the agreements unconscionable. However, we affirm because defendant failed to establish the existence of an arbitration agreement as to any particular class member or identifiable group of class members.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff Adrian Turner is a former employee of defendant. Plaintiff sued defendant as the named plaintiff in a putative class action alleging various Labor Code violations in 2015. In 2016, defendant offered its employees, on a voluntary basis, an arbitration agreement containing a class action waiver. Some of its employees evidently signed the agreement, while some did not. After 2016, defendant required all new employees to sign an arbitration agreement containing a class action waiver.

In 2019, after extensive litigation, including removal to federal court, remand back to state court, and various discovery motions, plaintiff moved for class certification. In opposing the motion, defendant asserted the existence of arbitration agreements with class action waivers. However, defendant offered no evidence of the arbitration agreements, and the trial court certified the class.

Shortly after the certification order was issued, defendant moved to compel arbitration and enforce the class action waivers. Defendant included with its motion the declaration of defendant's owner, authenticating unsigned examples of the arbitration agreements. The declaration also stated that "many" of defendant's employees had signed the agreements. Defendant's motion more specifically sought an order to "limit the Class Period for those employees who signed Arbitration Agreements . . . to claims that arose prior to the signing of binding Arbitration Agreements," and to require "all

2

class members who have signed arbitration agreements [to] submit their claims as set forth in the Mediation and Arbitration Agreement and Class Action Waiver." Defendant's motion did not identify either any class member who had signed an arbitration agreement, or the number of employees who had signed. It did not propose the terms on which a subclass of employees subject to the agreement could be defined.

The arbitration agreement offered to defendant's then-current employees in 2016 required submission of "any controversy or claim arising out of or relating to [the employee's] employment relationship with [defendant] or the termination of that relationship," to arbitration. The agreement also states it covered "i. Any dispute concerning the arbitrability of any controversy or claim arising between [the employee] and [defendant], or any of its management team; and [¶] ii. Any claim that could be asserted in any court, and for which [the employee] has an alleged cause of action, including without limitation, claims for breach of any contract or covenant (express or implied); tort claims; claims for harassment, discrimination (including, but not limited to, those based on sex, pregnancy, race, national or ethnic origin, age, religion, creed, marital status, sexual orientation, mental or physical disability or medical condition or any other characteristics protected by applicable statute); retaliation claims, claims for wrongful discharge; claims for failure to provide mandatory leaves of absence or reasonable accommodations, including but not limited to, violations of the Family and Medical Leave Act (FMLA); unfair competition, wage and hour violations, violations of confidentiality or breaches of trade secrets; and/or claims for violation of any federal, state, local or other law, statute, regulation or ordinance, and whether based on statute or common law or in equity; and [¶] iii. All claims whether made against [defendant], any of its subsidiary or affiliated entities or its individual officers, directors, owners or managers (in an official or personal capacity)." The agreement also contained a class action waiver. The agreement required of defendant's new hires was substantively identical.

The trial court denied defendant's motion. The trial court concluded the motion was defective because it was directed at only part of the class and not at any identifiable subclass or class member: "The Court cannot grant a motion to compel arbitration where not all class members are parties to a purported arbitration agreement. As there is no subclass of employees who signed the Agreements to which the motion can be directed, the motion cannot be granted as filed." The trial court also found the agreement unconscionable because it was a contract of adhesion, and was unilateral— only requiring arbitration of the employees' claims against defendant. Defendant timely appealed.

## DISCUSSION

Defendant argues the arbitration agreements are not unconscionable because they have only a low degree of procedural unconscionability, and because the trial court's finding of substantive unconscionability was predicated on a misinterpretation of the agreements. Defendant also contends the trial court could and should have granted its motion to compel arbitration and amended the definition of the plaintiff class to exclude employees who had signed the agreements, remedying the problem created by the fact that the motion only targeted an unidentified group of class members.

Plaintiff, as he did in the trial court, asserts the agreements are unconscionable and that defendant failed to show an agreement to arbitrate with any class member. Plaintiff also contends we should find in the first instance that defendant waived its right to arbitrate and failed to comply with a condition precedent for arbitration.

"'There is no uniform standard of review for evaluating an order denying a motion to compel arbitration. [Citation.] If the court's order is based on a decision of fact, then we adopt a substantial evidence standard. [Citations.] Alternatively, if the court's denial rests solely on a decision of law, then a de novo standard of review is

4

employed.  [Citations.]'"  (*Carlson v. Home Team Pest Defense, Inc.* (2015) 239 Cal.App.4th 619, 630.)

1.  *Unconscionability*

"'"'[U]nconscionability has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results."'"'  (*Sanchez v. Valencia Holding Co., LLC* (2015) 61 Cal.4th 899, 910.)  While defendant argues any procedural unconscionability was only "minimal" or "modest," defendant's arguments are primarily focused on substantive unconscionability, and more specifically the trial court's interpretation of the arbitration agreements as requiring arbitration of only employee claims.  Where there is no conflicting extrinsic evidence, "'"'the validity of an arbitration clause, including whether it is subject to revocation as unconscionable, is a question of law subject to de novo review."'"'  (*Fisher v. MoneyGram Internat., Inc.* (2021) 66 Cal.App.5th 1084, 1094.)

The question turns on whether the arbitration agreements should be interpreted to cover only the employees' claims against defendant or could also include the defendant's claims against employees.  One-sided arbitration agreements are typically unconscionable in the employment context.  (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 117-118; *Carmona v. Lincoln Millennium Car Wash, Inc.* (2014) 226 Cal.App.4th 74, 85-86.)  The trial court, relying on the list of claims covered by the agreements, concluded they only covered employee claims against defendant.

Defendant argues this reading is incorrect.  Instead, defendant contends, the controlling language is the provision calling for arbitration of "any controversy or claim arising out of or relating to [the employee's] employment relationship with [defendant] or the termination of that relationship," and the list of covered claims should be deemed a non-exclusive list of examples.  Defendant cites *Baltazar v. Forever 21, Inc.* (2016) 62 Cal.4th 1237, in which the Supreme Court found a similar provision not to be

unconscionable.  However, that agreement contained language stating it covered claims that "*include but are not limited to*" a list of examples.  (*Baltazar*, *supra*, 62 Cal.4th at p. 1241.)  The agreements in this case do not contain this "include but are not limited to" language; they also contain conflicting language concerning the scope of the agreement.  This conflicting language renders the agreements ambiguous.

United States Supreme Court precedent applying the Federal Arbitration Act requires us to resolve ambiguities in an arbitration agreement in favor of arbitrability.  (*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.* (1985) 473 U.S. 614, 626.)  This rule controls over the rule of interpretation against the drafter, and regardless of potentially conflicting California law.  (*Lamps Plus, Inc. v. Varela* (2019) 139 S.Ct. 1407, 1418-1419.)  As applied to the agreements in this case, resolving the ambiguity in favor of arbitrability means treating the list of covered claims as nonexclusive examples and relying instead on the broad initial definition of covered claims, which would include defendant's claims against employees.  That interpretation makes the agreements bilateral and not unconscionable.

*2.  Application to the Entire Class*

The trial court denied defendant's motion in part because the motion failed to address all class members or an identifiable subclass.  Plaintiff also argues we should affirm because defendant failed to prove the existence of an arbitration agreement between defendant and any particular class member.

In the context of a motion to compel arbitration, """"the trial court's first task is to determine whether the parties have in fact agreed to arbitrate the dispute.""""" (*Lacayo v. Catalina Restaurant Group Inc.* (2019) 38 Cal.App.5th 244, 257.)  If such an agreement is established, """"the party opposing arbitration must prove by a preponderance of the evidence any defense to the petition.""""  (*Ibid.*)

The basic problem defendant's motion created for the trial court is best understood by examining defendant's proposed order submitted with the motion, as well

6

as the unsigned exemplar agreements defendant provided to the court. The proposed order would not have ordered any particular person or claim to arbitration. Instead, it would have altered the class period for certain unnamed class members "who signed Arbitration Agreements" and required those unnamed class members and others (also left unnamed) to submit their claims to arbitration. The only evidence of the identity of these class members is the statement in defendant's owner's declaration that "many" employees had signed.

In other words, defendant's motion failed to identify the person or persons with whom defendant claimed to have agreed to arbitrate, and thus failed to prove the existence of any particular agreement to arbitrate. This failure would have prevented the trial court from entering a definite order and could also have prevented plaintiff from presenting potential defenses to the motion specific to individual class members or groups of class members. It also would have left the trial court uncertain about which, if any, claims remained in court to be litigated, and whether the trial court could move forward with the case in tandem with whatever arbitration or arbitrations resulted from its order. Without knowing who or what it was compelling to arbitration, the trial court had little choice but to deny the motion.

Defendant argues the procedural posture of the case as a class action cannot render their arbitration agreements unenforceable. We need not reach this contention. The problem with defendant's motion is not specific to the class action context. If, for example, defendant had been sued by several of its employees in an ordinary civil case, not a class action, and had filed a similar motion, without identifying which of the plaintiffs were signatories to the arbitration agreements, such a motion would properly be denied for exactly the same reasons.

Defendant also urges that the trial court could have granted defendant's motion, amended the class definition to exclude employees who had signed an arbitration agreement as a new hire, and created a subclass of employees who signed an arbitration

7

agreement while already employed with defendant. However, defendant's motion was a motion to compel arbitration, not a motion to decertify or modify the class; the motion neither requested this relief, nor provided a record on which the court could have granted it. Defendant cites no authority for the proposition that the trial court was required to create such a subclass sua sponte and without any evidentiary basis. Moreover, to the extent defendant contends its motion should be deemed to request modification or decertification of the class, such motions are reviewed for abuse of discretion. (*Kight v. CashCall, Inc.* (2014) 231 Cal.App.4th 112, 125-126.) Decertification or modification of the class is typically appropriate only upon a showing of "'new law or newly discovered evidence showing changed circumstances.'" (*Id.* at p. 125.) Defendant made no such showing, and we can therefore find no abuse of discretion in the trial court's failure to modify the class.

Finally, defendant argues the combination of the trial court's rulings on decertification and the motion to compel arbitration made it impossible for defendant to enforce its arbitration agreements and class action waivers. The result it complains of, however, is the product of its own litigation strategy. Three years passed between defendant's creation of these arbitration agreements and plaintiff's class certification motion. Defendant was the party with knowledge of the agreements, and the evidence of those who had signed. Nonetheless, defendant offered no evidence of the existence of the agreements in response to the class certification motion, choosing instead only to argue their existence in a single paragraph in its opposition memorandum of points and authorities. In the absence of evidence of the agreements, the trial court had neither the obligation nor the ability to alter the class definition to reflect the agreements. The defects identified above in defendant's subsequent motion to compel arbitration were of the same nature. Defendant had the ability to identify the class members who had signed the arbitration agreements, and provide evidence of their assent, but failed to do so.

8

*3. Waiver*

In addition to the issues discussed above, plaintiff suggests we should affirm the trial court's ruling by finding, in the first instance on appeal, that defendant waived its right to arbitrate by proceeding in court for years without asserting its right to arbitration in its answer.

The trial court made no finding as to waiver, having not reached the issue based on its other findings. When the trial court expressly declines to find waiver, we may not infer a finding of waiver on appeal. (*Wagner Construction Co. v. Pacific Mechanical Corp.* (2007) 41 Cal.4th 19, 31.) Instead, we leave it to the trial court to make the initial factual determination on this question, should defendant file a renewed motion to compel arbitration.

## DISPOSITION

The order is affirmed. Plaintiff shall recover costs on appeal.

ZELON, J. [*]

WE CONCUR:

O'LEARY, P. J.

BEDSWORTH, J.

---

[*] Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9