Filed 8/24/15  Rodriguez v. Navient Solutions CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| DAVID RODRIGUEZ,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>NAVIENT SOLUTIONS, INC.,<br><br>Defendant and Appellant. | B258981<br><br>(Los Angeles County<br>Super. Ct. No. BC530031) |


APPEAL from a judgment of the Superior Court of Los Angeles County. Teresa Sanchez-Gordon, Judge.  Reversed and remanded.


Akerman, Justin D. Balser, Dennis N. Lueck, Jr., for Defendant and Appellant.


Golden & Cardona-Loya, Jeremy S. Golden for Plaintiff and Respondent.

_____

A student who signed three promissory notes sued his loan servicer for alleged wrongful collection practices. The servicer established that two of the notes have arbitration clauses governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) (the FAA). Plaintiff did not timely exercise his contractual right to reject arbitration as a means of dispute resolution. In denying defendant's petition to compel arbitration, the trial court improperly required defendant to prove that plaintiff's lawsuit is encompassed by the arbitration clauses. We reverse and remand. The burden is on plaintiff to prove that none of his claims arise from the promissory notes containing arbitration clauses.

## FACTS

Plaintiff David Rodriguez filed suit against defendant Navient Solutions, Inc. (Navient), the company that services his student loans.[1] He alleged that Navient violated the Rosenthal Unfair Debt Collections Practices Act (Rosenthal) by engaging in harassment; making false representations; misstating the amount of a debt; and using unfair means to collect a debt. He also alleged that Navient invaded his privacy and converted money it seized from his bank account.

Navient petitioned to stay the lawsuit and compel arbitration. It showed that in 2006, plaintiff signed a promissory note for a "Signature" loan, attached to the petition as Exhibit A. Exhibit A contains an arbitration clause, which allows either party to elect arbitration and compel the other party to arbitrate. It encompasses "any claim, dispute or controversy," including "disputes concerning the validity, enforceability, arbitrability or scope of the Arbitration Agreement or the Note; disputes involving alleged fraud or misrepresentation, breach of contract, negligence or violation of statute, regulation or common law."

In 2007, plaintiff signed a second promissory note for a Signature loan, attached to the petition as Exhibit B. Exhibit B contains the same arbitration clause as Exhibit A. Exhibits A and B are expressly governed by the FAA.

---

[1] Navient is the new name of Sallie Mae, Inc., which made loans to plaintiff.

Both Exhibit A and Exhibit B afford plaintiff the right to "reject this Arbitration Agreement by sending [ ] a rejection notice by certified or registered mail or by messenger service within 60 days after the date of my first disbursement." There is no evidence that plaintiff exercised his right to reject the arbitration agreement by sending a timely notice. He does not claim that he did so.

Apart from the Signature loans, plaintiff had a Federal Stafford Loan with a Master Promissory Note authorizing disbursement of multiple loans at plaintiff's request. Plaintiff received four loans under the Master Promissory Note, attached to the petition as Exhibit C.[2] It does not contain an arbitration clause.

In opposition, plaintiff argued that (1) Rosenthal allows him to avoid arbitration and litigate his claims; (2) the arbitration agreement is unconscionable; and (3) the motion did not include arbitration provisions for all of his loans. Plaintiff did not dispute that he signed Exhibits A and B.

## THE TRIAL COURT'S RULING

The court wrote that Navient "is servicing six student loans taken out by plaintiff. Defendant has provided two arbitration provisions for two loans. Defendant has provided no evidence that the loans subject to the arbitration provisions are . . . the subject of this action. Defendant has not met its burden of establishing that this action is within the scope of the arbitration provisions."

The court added, "If the action includes all of plaintiff's loans, there is an issue concerning whether this action should be stayed while the portion of the action which is subject to arbitration is arbitrated, or whether arbitration should be denied because it essentially would impose arbitration on the loans which are not subject to the arbitration provisions. A stay [ ] may be an abuse of direction where it essentially imposes arbitration on non-contracting parties. [Citation.] Neither party provided the FAA rules regarding such a mixed action of arbitrable claims and inarbitrable claims."

---

[2]     Exhibit C reads, "I understand that multiple loans may be made to me under this MPN [Master Promissory Note]."

3

## DISCUSSION

Navient appeals the denial of its petition to compel arbitration. (Code Civ. Proc., § 1294, subd. (a).) State and federal policy strongly favor arbitration as a speedy, inexpensive means of resolving disputes. (*KPMG LLP v. Cocchi* (2011) 565 U.S. ___, ___ [132 S.Ct. 23, 25]; *St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1204.) "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." (*Moses H. Cone Memorial Hospital. v. Mercury Construction Corp.* (1983) 460 U.S. 1, 24-25; *Wagner Construction Co. v. Pacific Mechanical Corp.* (2007) 41 Cal.4th 19, 26.)

"'There is no uniform standard of review for evaluating an order denying a motion to compel arbitration. [Citation.] If the court's order is based on a decision of fact, then we adopt a substantial evidence standard. [Citations.] Alternatively, if the court's denial rests solely on a decision of law, then a de novo standard of review is employed.'" (*Avery v. Integrated Healthcare Holdings, Inc.* (2013) 218 Cal.App.4th 50, 60.)

The trial court observed that Navient produced two arbitration clauses for plaintiff's six student loans. The record contains evidence of two "Signature" promissory notes, which have arbitration clauses (Exhibits A and B), and one federal Master Promissory Note (Exhibit C). Plaintiff received one loan under Exhibit A; one loan under Exhibit B; and four disbursements under Exhibit C. This is apparently how the trial court arrived at a total of "six student loans." All six loans were contracted for in the three promissory notes evidenced in Exhibits A, B and C.

Plaintiff argued below that Navient failed to include "the alleged arbitration provisions for all **four** loans." (Emphasis added.) He cited and relied upon a declaration from Navient's record keeper, who plainly states that plaintiff had **three** notes, and that monies disbursed to plaintiff at different times under the federal program all fell under the Master Promissory Note. Plaintiff argues on appeal that Navient "opted not to include [paperwork for] the other student loans it purportedly provided to Rodriguez."

4

Plaintiff has misrepresented the evidence. Exhibits A, B and C cover all of plaintiff's loans. The evidence is unrefuted. The notes were presented for the trial court's inspection. There is no showing that any paperwork is missing from the record.

Under the FAA, the court must order arbitration if it determines that (1) there is a valid arbitration agreement, and (2) the dispute is encompassed by the arbitration agreement. (*Cox v. Ocean View Hotel Corp.* (9th Cir. 2008) 533 F.3d 1114, 1119.)

a. *Validity of the Arbitration Agreements*

Plaintiff maintains that arbitration may not be imposed on a noncontracting party. His complaint alleges that he entered multiple loan agreements. Navient submitted copies of those loan agreements. Plaintiff does not deny that he signed the promissory notes containing arbitration clauses. He is a contracting party.

Plaintiff asserts that the arbitration agreements are invalid because they are unconscionable. Under the FAA, state courts may enforce unconscionability rules that do not interfere with the fundamental attributes of arbitration. (*Sonic-Calabasas A, Inc. v. Moreno* (2013) 57 Cal.4th 1109, 1124-1125, citing *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333, ___ [131 S.Ct. 1740, 1748]; *Sanchez v. Valencia Holding Company* (2015) 2015 Cal. Lexis 5292, at p. *18 (*Sanchez*).)

"Unconscionability analysis begins with an inquiry into whether the contract is one of adhesion," which signifies that a party of superior bargaining strength imposes a standardized contract that leaves the other party only the opportunity to adhere to the contract or reject it. (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 113 (*Armendariz*).) Exhibits A and B gave plaintiff the right to "reject this Arbitration Agreement by sending [ ] a rejection notice." Arbitration was not imposed on plaintiff as a condition of obtaining loans. Plaintiff could claim the benefits of the contracts, yet reject the arbitration clause. Bargaining power was thereby equalized.

A contract or clause must be both procedurally and substantively unconscionable to be unenforceable. (*Armendariz, supra*, 24 Cal.4th at p. 114; *Sanchez, supra*, 2015 Cal. Lexis 5292, at p. *13.) Neither element was shown.

5

Procedural unconscionability focuses on "oppression" and "surprise" due to unequal bargaining power. (*Armendariz*, *supra*, 24 Cal.4th at p. 114; *Sanchez*, *supra*, 2015 Cal. Lexis 5292, at p. *13.) Plaintiff had every right—and 60 days—to decline arbitration; he failed to do so, signaling his acquiescence to this mode of dispute resolution as a bargained-for element of the parties' contract. Plaintiff had ample time to review the arbitration clause over the course of 60 days, and confer with a lawyer about whether he should reject it or agree to it. He was neither oppressed nor surprised.

Plaintiff's substantive unconscionability claim fails because there is no evidence of an "overly harsh" or "one-sided" result. (*Sanchez*, *supra*, 2015 Cal. Lexis 5292, at p. *13.) The arbitration clause is mutual: either plaintiff or Navient may invoke arbitration. Plaintiff misplaces his reliance on a case in which a one-sided contract allowed an employer to sue for damages or injunctive relief, while employees were restricted to arbitration. (*Carmona v. Lincoln Millennium Car Wash, Inc.* (2014) 226 Cal.App.4th 74, 86-87.) That is not the case here. The parties' agreement is not unfairly one-sided. (*Little v. Auto Stiegler, Inc.* (2003) 29 Cal.4th 1064, 1071.) The Signature notes were not unconscionable at the time they were made. (Civ. Code, § 1670.5.)

b. *Whether the Dispute Is Encompassed by the Arbitration Agreements*

Plaintiff asserts that Rosenthal claims are not arbitrable. He cites a provision in Rosenthal stating, "Any waiver of the provisions of this title is contrary to public policy, and is void and unenforceable." (Civ. Code, § 1788.33.) "'[B]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute [but] only submits to their resolution in an arbitral, rather than judicial, forum.'" (*Armendariz*, *supra*, 24 Cal.4th at pp. 98-99, quoting *Mitsubishi Motors v. Soler Chrysler-Plymouth* (1985) 473 U.S. 614, 628.)

Plaintiff is not being forced to waive his right to claim unfair debt collection practices; rather, he must arbitrate his claims, not litigate them. Plaintiff elected to retain the arbitration clause in his Signature notes, despite having a 60-day right to opt out of arbitration. Having decided to accept the arbitration clause, he lost the right to claim that the arbitration is not to his taste, after all. And even if Rosenthal prohibited outright the

6

arbitration of wrongful collection practices, it would be displaced by the FAA. (*Marmet Health Care Center, Inc. v. Brown* (2012) 565 U.S. ___, ___ [132 S.Ct. 1201, 1203].)

The trial court expressed uncertainty whether "the loans subject to the arbitration provisions are . . . the subject of this action." The party petitioning for arbitration need only offer prima facie evidence of a written arbitration agreement. The party opposing arbitration must prove either a defense to enforcement or that the agreement cannot be interpreted to cover the claims made in his pleading. The court then decides if the agreement is valid, if the dispute falls within the agreement, and whether the opponent has established a defense to enforcement. (*Rosenthal v. Great Western Financial Securities Corp.* (1996) 14 Cal.4th 394, 413; *Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 972; *EFund Capital Partners v. Pless* (2007) 150 Cal.App.4th 1311, 1321.) The court improperly placed the burden on Navient to prove plaintiff's intent to challenge defendant's collection practices with respect to the Signature loans. Only *plaintiff* knows whether his lawsuit is aimed at the Signature loans.

Plaintiff's complaint obfuscates which of the three promissory notes is involved in this litigation, alluding ambiguously to "the Loan" that defendant was collecting on, and also to a "separate loan that was in deferment." His opposition to the motion and his brief shed no light on which promissory note is in collection, and which one is deferred. The deliberately opaque pleading filed by plaintiff's counsel is not a viable strategy for avoiding contractual arbitration: he must prove that none of the claims in his complaint involve Navient's acts in collecting on the notes in Exhibit A or B.

Agreements governed by the FAA "must be enforced in state and federal courts." (*KPMG LLP v. Cocchi*, *supra*, 565 U.S. at p. ___ [132 S.Ct. at p. 24].) Under the FAA, "if a dispute presents multiple claims, some arbitrable and some not, the former must be sent to arbitration even if this will lead to piecemeal litigation. . . . A court may not issue a blanket refusal to compel arbitration merely on the grounds that some of the claims could be resolved by the court without arbitration." (*Ibid.*) The court cannot avoid its duty to determine whether any of the claims in the complaint are arbitrable, and its failure to carry out that duty requires remand for further proceedings. (*Ibid.*) The "'emphatic

7

federal policy in favor of arbitral dispute resolution' . . . 'requires courts to enforce the bargain of the parties to arbitrate.'" (*Id.* at p. 25.) In short, "courts must examine a complaint with care to assess whether any individual claims must be arbitrated. The failure to do so is subject to immediate review." (*Id*. at p. 26.)

The case must be remanded for the trial court to (1) assess plaintiff's claims with care, placing the burden on plaintiff to prove that none of his claims are encompassed by the two arbitration clauses he agreed to; (2) construe the arbitration clauses liberally to cover disputes reasonably encompassed by the contractual language; and (3) if plaintiff does not make a proper showing, resolve any doubts in favor of arbitration. An order to arbitrate "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." (*United Steelworkers of America v. Warrior & Gulf Navigation Co.* (1960) 363 U.S. 574, 582-583.) If any of plaintiff's claims are arbitrable, the court must grant Navient's petition to compel arbitration and stay this action until arbitration is had. (9 U.S.C. § 3.)

## DISPOSITION

The judgment (order denying motion to compel arbitration) is reversed. The matter is remanded for a trial court decision in accordance with the last paragraph of the discussion. Appellant Navient Solutions, Inc., is entitled to recover its costs on appeal from respondent Rodriguez.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


HOFFSTADT, J.

8